## GOODMAN v. BROUGHMAN *et al.*

No. 2924.   Opinion Filed November 11, 1913.

(136 Pac. 420.)

1.  **APPEAL AND ERROR—Briefs—Disposition of Cause.** Where no briefs are filed by defendant in error and the errors presented in plaintiff in error's brief are reasonably borne out by the record, the contention as to such errors will be sustained.

2.  **PLEADING—Judgment on Pleadings.** Where an answer contains a statement of facts constituting a defense to plaintiff's cause of action and plaintiff files a verified reply alleging facts which put in issue the existence of the facts constituting the answer, it is error to render judgment on the pleadings.

    (Syllabus by Harrison, C.)

*Error from Superior Court, Custer County;*
*J. W. Lawter, Judge.*

Action by J. R. Goodman against A. H. Broughman and the Choctaw and Oklahoma Western Railway Company. Judgment for defendants, and plaintiff brings error. Reversed.

*Andrew J. Welch,* for plaintiff in error.

Opinion by HARRISON, C.   This was an action by J. R. Goodman against the Clinton & Oklahoma Western Railway Company for work and labor done for said company under the direction of its agent and contractor. The defendant moved to dismiss the action because of plaintiff's failure to give security for costs. The court overruled the motion to dismiss but directed plaintiff to file a cost bond or pauper oath in lieu thereof within 30 days. Plaintiff being unable to make the cost bond within the 30 days, and not being able to make the statutory pauper's affidavit because of inability to give the required notice to defendant, dismissed his action; the same being docket No. 67. He then proceeded to give the required notice to defendant and thereafter refiled his action; the new action being No. 162. Defendant filed answer in cause No. 162, the second action, alleging that the questions involved in No. 162 had been determined

and plaintiff's right of action concluded by the order of the court in dismissing No. 67 with prejudice. Plaintiff thereupon filed a motion to modify such order, alleging that the order of dismissal with prejudice had been procured by fraud and misrepresentation and deception upon the court, without the knowledge of plaintiff and without plaintiff being present at the hearing, and that such order was obtained 48 days after plaintiff had dismissed his action and seventeen days after he had refiled the second action. Defendant filed demurrer to the motion to modify the order of dismissal, which was sustained and excepted to by plaintiff. Plaintiff then filed verified reply to defendant's answer in No. 162, in which he denied the facts set up in the answer showing the order in cause No. 67, and further alleged that same was procured through fraud and irregularity and that it was granted without the knowledge of plaintiff and without power of the court to make it. Thereupon defendants moved for judgment on the pleadings. The motion was sustained and action No. 162 dismissed on the ground that the rights of the parties to the action had been determined by the order of dismissal of cause No. 67.

The cause comes here on the two propositions: First, that the court erred in sustaining the demurrer to motion to vacate or modify the order of dismissal with prejudice in cause No. 67; second, that it erred in rendering judgment on the pleadings in cause No. 162.

There have been no briefs filed nor appearance made by defendants in error, and the proposition urged in brief of plaintiff in error seems to be well taken. It is unnecessary, however, to determine the proposition whether the court erred in sustaining the demurrer to plaintiff's motion to modify the order of dismissal made in action No. 67 for the reason that, after the demurrer was sustained, then plaintiff filed a verified reply to defendant's answer. Defendant had answered by setting up the order of dismissal as constituting a bar to plaintiff's right of action because it had been dismissed with prejudice. Plaintiff filed verified reply that the order of dismissal in No. 67 had been obtained through fraud and deception and without his

knowledge at an *ex parte* hearing some 48 days after plaintiff, upon his own motion, had dismissed his action in No. 67 and seventeen days after he had been unable to comply with the court's order as to costs and had refiled his second action. The allegations in the reply were sufficient, if true, to constitute a replication to defendant's answer, and we think the court erred in rendering judgment upon the pleadings in favor of defendant and denying plaintiff a right to a trial of his case upon the merits.

We think the judgment should be reversed, and the cause remanded, with instructions that the action be reinstated and plaintiff be given an opportunity to have his cause of action tried upon the merits.

By the Court: It is so ordered.