**LUSK et al. v. McBRIDE.**

No. 7523—Opinion Filed July 25, 1916.

Rehearing Denied Oct. 31, 1916.

Second Petition for Rehearing Denied Nov. 14, 1918.

(175 Pac. 747.)

**Carriers — Transportation of Passengers — Who Are Passengers—Duties and Liabilities.**

Plaintiff made and entered into a special shipment contract with the railroad company covering transportation of a car of household goods and live stock. As consideration for the feeding, watering, and caring for the live stock, the plaintiff was given free transportation. The contract provided, among other things, that plaintiff should have the sole care of said live stock, and should feed, water, and otherwise care for them; that he would remain in the caboose attached to said train while the train was in motion, and would not get on or off any freight car while switching was being done at stations. Held:

(a) That plaintiff was a passenger; the consideration for his passage being the care given the stock.

(b) That as such he was entitled to the highest reasonable and practicable skill, care, and diligence from the railroad company.

(c) That in the discharge of his imposed

duty under the contract he had a right to enter the car at a station, in the morning, for the purpose of feeding and caring for the stock.

(d) That he, having no control of the movement of the cars or the train, violated no valid term of said contract by being in said car, as aforesaid, while the same was being switched. St. L. & S. F. R. Co. v. Kerns, 41 Okla. 467, 136 Pac. 169, followed.

(Syllabus by Burford, C.)

Error from District Court, Pontotoc County; Geo. C. Crump, Assigned Judge.

Action by T. J. McBride against James W. Lusk and others, receivers of the St. Louis & San Francisco Railway Company. Judgment for plaintiff, and defendants appeal. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and E. H. Foster, for plaintiffs in error.

Robert Wimbish and W. C. Duncan, for defendant in error.

Opinion by BURFORD, C. This was an action brought by T. J. McBride to recover damages for certain personal injuries sustained by him at a time when he alleged he was a passenger on the line of the defendant railroad. The defendants relied upon a general denial as to the negligence, a plea of contributory negligence on the part of the plaintiff, and that at the time the injury occurred plaintiff was traveling with an emigrant outfit, and was upon the train by virtue of a special written contract, under the terms of which he was permitted to accompany the shipment; that one of the conditions of the contract was as follows:

"Will not get on or be on any freight car while switching is being done at stations or other places"

—and that the plaintiff was injured at a time the car was being switched. There was a trial to a jury, and judgment for the plaintiff, from which judgment the defendants appeal.

It appeared from plaintiff's evidence that he started with an emigrant outfit, included in which were several head of stock, from Thackerville, Okla., on the line of Santa Fe Railway Company, to Ada, Okla., on the line of the Frisco. He reached Ardmore on the Santa Fe about 11 o'clock on March 13, 1914, and remained in the Santa Fe yards at that point until about sundown, at which time the car was switched over to the Frisco yards, and remained there until it was started for Ada about 6:30 in the morning. During the time the car was in the Santa Fe yard plaintiff testified that he had a conversation with the conductor of the Frisco train which hauled him to Ada on the following morning, in which he told the conductor that he intended to spend the night in his car, and that the conductor did not reply. After the car was switched into the Frisco yard, the plaintiff, his son, and another relative occupied the car during the night. Plaintiff was awakened about 5 or 5:30 in the morning by the car being switched. He knew that the car must necessarily be removed from the track where it was and be placed in the train which was to take it to Ada, and knew the leaving time of the train. At the time he was first awakened by the car being switched he got up, dressed, and proceeded to feed and care for his stock. After he had completed these duties he went to the door of the car and opened it, and, as he testified, started to get out, and about that time another car struck the car in which he was standing in such a violent manner that the stock were knocked down and the partitions broken, and the door of the car which he had partially opened was slammed shut, catching his head between the door and the side of the car. The contract upon which plaintiff was traveling was the usual form of drover's pass, and contained, besides the stipulation set out in the answer, the following agreement:

"That at his own expense the shipper will load the goods, articles and stock at the first named station, take care of, feed and water, and attend to same while in the stockyards of the company or lots where awaiting shipment, and while the same are being loaded, transported, unloaded and reloaded, and to load, unload and reload the same at feeding and transfer or other points, whenever the same may be unloaded for any purpose whatever, and will properly attend to and care for the stock, goods and articles while in the car in transit, or otherwise, and agrees that the company shall not be liable for any loss or damage to said stock while being so in the shipper's charge or so cared for or attended to by the shipper or his agents."

The errors alleged may all be predicated upon one proposition. Under the circumstances, and in view of the plaintiff's contract that he would not be in the car while it was being switched, is the plaintiff entitled to recover? This proposition governs the instructions as well as the demurrer to the evidence, for if the plaintiff was rightfully in the car at the time he was injured, there appears to be no error in the court's instructions. The case is not distinguishable upon the facts or principles of law involved from St. L. & S. F. R. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169. The second paragraph of the syllabus in that case reads:

"Kerns made and entered into a special shipment contract with the railroad company covering transportation of a car of household goods and live stock. As consideration for the feeding, watering, and caring for the live stock, Kerns was given free transportation. The special contract provided, among other things, that Kerns should have the sole care of said live stock, and should feed, water, and otherwise care for them; that he would remain in the caboose attached to said train, while the train was in motion and would not get on or off any freight car while switching was being done at the stations. Held:

"(a) That Kerns was a passenger, the consideration of his passage being the care given the stock.

"(b) That as such he was entitled to the highest reasonable and practicable skill, care, and diligence from the railroad company.

"(c) That in the discharge of his imposed duty under the contract he had a right to enter the car at a station, at noon, for the purpose of feeding and caring for the stock.

"(d) That he, having no control of the movement of the cars, or the train, violated no valid term of said contract by being in said car, as aforesaid, while the same was being switched."

So far as the case at bar is concerned we think we may lay out of the case entirely the question of any action of the defendant's agent consenting to the plaintiff remaining in the car, if the action of the conductor could be construed to be such consent, or could bind the company to a waiver of the terms of the written contract. We may also lay out of the case the fact that the plaintiff remained in the car during the night. This for the reason that he was not injured by reason of his sleeping in the car during that time. We may assume that he was in the car for the purpose of caring for his stock, prior to the time he was injured, and that he was attempting to leave the car after performance of such duties at the time the injury occurred. We may further assume that he knew that the car had been switched, but that he did not know that the particular switch would be made which injured him. Under these facts the doctrine of St. L. & S. F. R. Co. v. Kerns, supra, is clearly to the effect that McBride had a right to go into the car and attend to his stock, and to perform the duties imposed upon him by his contract, and that, having no control over the switching operations, he was not liable therefor, nor can he be denied a recovery because he was on the car at the time the switching operations took place, and that if the injury was a result of the negligent handling of the car by the defendant, the defendant is liable

to him. The fact of the negligence was concluded by the verdict of the jury. The principles of law applicable are settled in St. L. & S. F. R. Co. v. Kerns, supra.

The judgment should be affirmed.

By the Court: It is so ordered.