**HENRYETTA SPELTER CO. et al. v. GUERNSEY et al., Receivers.**

No. 9997—Opinion Filed May 24, 1921.

(Syllabus.)

1. **Pleading—Judgment on Pleadings — Replevin—Priority of Mortgages.**

Plaintiff sued for possession of an electric motor, basing the action upon a title note containing a mortgage clause descriptive of the motor sought to be recovered. Defendants answered by unverified general denial, and by alleging further that they held possession under a prior mortgage which had been legally foreclosed, and that they were purchasers in good faith and for a valuable consideration at said foreclosure sale, and that they had no knowledge of plaintiff's lien. Plaintiff replied to the answer, and thereafter filed

motion for judgment on the pleadings, which motion was sustained. Held, the court erred in rendering judgment on the pleadings.

2. **Pleading—Right to Judgment on Pleadings.**

Where an issue of fact is presented by the pleadings, it is error to sustain a motion for judgment thereon.

3. **Same.**

Where plaintiff files reply to new matter set up in defendant's answer, thus putting in issue the new matter in defendant's answer, it is error to render judgment on the pleadings.

3. **Pleading—Effect of General Denial—Execution of Instruments.**

Under section 4759, Revised Laws 1910, a general denial, unverified, admits the execution of a written instrument, but admits only its execution and whatever legal effect the instrument may have, but does not admit any matter extraneous to the instrument itself.

Error from District Court, Okmulgee County; M. L. Bozarth, Judge.

Action in replevin by George T. Guernsey and C. L. Kimble, receivers of the Independence Brick Company, against the Henryetta Spelter Company and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Joseph P. Rossiter and Hummer & Foster, for plaintiffs in error.

McCrory, Johns & Shackelford, for defendants in error.

HARRISON, C. J. This cause is here upon a transcript, being an appeal from a judgment on the pleadings. It is in the nature of a replevin action, having been brought for possession of a certain electric motor, or for judgment for the value thereof, fixed at $557.48.

Defendants in error were plaintiffs below, and will be so designated here. Plaintiffs in error will be referred to as defendants.

Plaintiffs sued defendants for possession of the motor in question, basing their right to same upon a certain title note, which contained a mortgage clause covering the motor and retaining title to same until the note was paid; the note, which was attached to and made part of plaintiffs' petition, being as follows:

"557.48.    Independence, Kansas.

May 16, 1914.

"Five months after date for value received I promise to pay Geo. T. Guernsey, trustee for Independence Brick Company, or order, the sum of five hundred fifty-seven and 48-100 Dollars, at the office of the Independence Brick Company, Independence, Kansas, with

interest thereon at the rate of 10 per cent per annum from date until paid, interest payable at maturity.

"This note is given for one 50 H. P. General Electric Motor and base, general description 3 phase, 60 cycle, 2,300 volts,

514 R. P. M. A. C. Type_____$441.18
One paper pulley_____⸺__ 14.30
100 New extra coils and supplies_____ 70.00
4 Dry Press Trucks _____ 32.00
        Total_____$557.48

"And the express condition of the purchase and sale of said property for which this note is given is that the title to said property shall be and remain in the said Geo. T. Guernsey, trustee for Independence Brick Company, until said note shall be fully paid, and that the owner of said note shall at the maturity of said note, or at any time thereafter, or at any time before said maturity, when it shall deem itself insecure, have the right and is hereby authorized through itself or its agents to take possession of said property or any part thereof and without notice to any maker thereof, to sell the same or any part thereof at public or private sale, in its discretion, and from the proceeds of such sale to pay all costs of getting possession of such property and of making such sale, and to apply the balance of such proceeds on said note, and any remainder unpaid on such note shall be a balance owing thereon for the consideration of the use of said property, which balance the maker hereof agrees to pay.

                              "S. J. Allen."

"P. O. Address Henryetta, Okla."

The petition was duly verified.

The defendants filed an answer consisting of an unverified general denial and of the additional allegations that the motor in question belonged to them by virtue of a prior mortgage covering the same motor, and by virtue of their purchase of said motor at a foreclosure sale which had been duly made in satisfaction of said mortgage. The mortgage, the notice of foreclosure sale, proof of posting notice, and return of sale were each attached to and made part of defendants' answer. The mortgage covered the following described property, to wit:

"All the buildings, tools, machinery, engines, motors, presses, equipment and improvements belonging to said company located on block two (2) in Duden & Nelsons addition to the city of Henryetta according to the plat of said addition of record.

"Also especially covering and including all increase of the above described stock."

The notice of chattel mortgage sale was as follows:

"Notice is hereby given that in pursuance of a chattel mortgage given by the Henryetta

Pressed Brick Co. to John Smith and J. B. Swan, dated the 15th day of April, 1914, and filed in Okmulgee county, state of Oklahoma, upon which default has been made as follows: the debt secured has not been paid and upon which the amount due at this date is sixteen hundred and seventy-five dollars ($1675.00); I will sell the property secured by said mortgage or so much thereof as will satisfy the said debt, with $25.00 attorney's fee, and all costs of sale, according to the terms of said mortgage, at public outcry to the highest bidder on the 16th day of October, 1915, at a o'clock p. m., at the present location of the Henryetta Pressed Brick Co., on block two (2) in Duden & Nelson addition to the city of Henryetta, in this county; the said property being described as follows, to wit:

"All the buildings, tools, machinery, engines, motors, presses, equipment and improvements belonging to said company located on block two (2) in Duden & Nelsons addition to the city of Henryetta, according to the plat of said addition of record.

"Given and posted in the said county of Okmulgee, state of Oklahoma, this 6th day of October, 1915.

"John Smith and J. B. Swan, Mortgagees,

"By R. B. F. Hummer, their attorney."

The proof of posting notices was as follows:

"State of Oklahoma, Okmulgee County, ss:

"I, R. B. F. Hummer, being first duly sworn according to law, upon oath state: that I posted true and correct copies of the above notice in five (5) public places in the city of Henryetta, Oklahoma, as follows: One posted in the United States postoffice, one in the entrance to the old postoffice building; one in the entrance of the Hudson building, one in the entrance to the opera house and one in the entrance to the Steckleberg building, said notices were posted by me at said places on the 6th day of October, 1915.

                          "R. B. F. Hummer."

"Subscribed and sworn to before me this 16th day of October, 1915.

                          "E. W. Smith, N. P.

"My commission expires July 3, 1919. (Seal.)"

And the return of sale was as follows, to wit:

"On this the 16th day of October, 1915, at 2:30 p. m. at the location of the Henryetta Pressed Brick Company on block two (2) in the Duden and Nelson addition to the city of Henryetta, Okmulgee county, Oklahoma, sale was had of the property described in the within notice; sale being conducted by J. O. Hamilton, and bids received as follows:

"C. H. Kellog_____$ 800.00
"William Williamson _____ 850.00
"Smith & Swan, by J. B. Swan____ 1000.00

"Whereupon, the bids being close, the prop-

erty was sold to Smith and Swan for the sum of $1000.00.

"R. B. F. Hummer, Attorney."

Plaintiffs filed a reply to defendants' answer, the reply consisting of a general denial.

Upon the issues thus made, the plaintiffs filed motion for judgment on the pleadings, and the court sustained it and rendered judgment against defendants for the return of the property or for the payment of $557.48, with interest at 10 per cent. from date of plaintiffs' title note. May 16, 1914. Defendants ask a reversal upon the ground that the pleadings presented controverted issues of fact not determinable from the pleadings themselves, and that the court erred in rendering judgment on the pleadings.

Plaintiffs claim that their petition, being based upon a written instrument and being duly verified, and defendants' answer being unverified, and being based upon a mortgage which did not describe nor include the same motor described and included in plaintiffs' title note, constituted no defense of plaintiffs' action, and that therefore the judgment should be affirmed. It is evident that the court rendered judgment in favor of plaintiffs on the assumption that plaintiffs' note described the motor which defendants had in their possession, and that the mortgage which defendants relied upon did not describe the motor they were using and holding.

From an examination of the pleadings we must hold that the court erred in rendering judgment thereon. The plaintiffs' right to possession depended necessarily upon the description of the motor contained in their title note, and upon the fact that defendants wrongfully retained possession of the identical motor. The petition alleged that defendants had possession of the motor described in their title note, and had come into possession of same and wrongfully withheld possession of same under "an unauthorized and void sale," and that defendants had full knowledge of plaintiffs' lien upon the motor and title to same at the time of said sale. But defendants alleged that their note and mortgage was given one month prior to the date of plaintiffs' title note, and about three months prior to the recording of plaintiffs' title note, and that they were innocent purchasers in good faith and for a valuable consideration. They further alleged that default was made in payment of their mortgage at maturity, and that thereupon defendants caused said chattel mortgage to be foreclosed according to law, and alleged facts showing that the sale of said property was duly made according to law. It further appears from defendants' answer that the motor which they had in their possession was the one which they had purchased at the mortgage sale, and which had been used by the Henryetta Pressed Brick Company on block 2 of Duden and Nelson's addition to the city of Henryetta. It is evident, therefore, so far as disclosed by the pleadings, that the motor which plaintiffs claimed was the same motor which defendants purchased at the foreclosure sale, for both parties alleged such to be the fact. And it is also apparent from defendants' answer that the motor which they purchased at the foreclosure sale was the same motor described and included in their mortgage. Hence, the motor described in plaintiffs' title note and the motor described in defendants' mortgage must have been one and the same, there being no allegation as to any other motor, nor as to their being more than one. This being true, the court could not determine which party was entitled to the motor until it determined first from extrinsic evidence the issues of fact as to whether defendants' mortgage was a valid and prior mortgage, whether it had been foreclosed according to law, whether the sale was void and whether defendants were purchasers in good faith for a valuable consideration and without knowledge of plaintiffs' lien, all of which facts were put in issue by defendants' answer and plaintiffs' reply to the new matter therein.

The rule that where pleadings present an issue of fact it is error to sustain a motion for judgment on the pleadings has been definitely settled by this court. See Smith v. Moon Buggy Co., 66 Oklahoma, 169 Pac. 875; Franklin v. Ward, 70 Oklahoma. 174 Pac 244; and in Peck v. First Nat. Bank. 50 Okla. 252, 150 Pac. 1039. it is specifically held that it is error to render judgment on the pleadings after plaintiff has replied to the new matter set up in defendants' answer.

The facts that plaintiffs' action was based upon a written instrument. and that their petition was verified, and that the defendants' answer was not verified had no further effect, under section 5017, Rev. Laws 1910, than to admit the mere execution and regularity of the title note sued upon. Defendants' unverified general denial did in legal effect admit the due execution of plaintiffs' title note. but did not admit the allegations of any facts extraneous to the written instrument itself.

Hastings v. Hugo Nat. Bank, 81 Okla. 189, 199 Pac. 457.

So, when defendants alleged that they owned the motor which they had in their possession, and that they had purchased same for a valuable consideration at a valid foreclosure sale which was had under a valid and prior mortgage, they stated a complete defense against plaintiffs' rights to take their motor away from them.

Therefore, assuming, without deciding, that plaintiffs' petition stated a cause of action against defendants, we must hold that the new matter set up in defendants' answer stated a defense to plaintiffs' petition.

The judgment is reversed, and cause remanded for retrial.

PITCHFORD, McNEILL, MILLER, and NICHOLSON, JJ., concur.