## HOLLIS v. PARKS.

No. 11180—Opinion Filed July 31, 1923.

Rehearing Denied Oct. 6, 1923.

1. **Pleading—Issues Raised by Pleadings—Judgment on Pleadings.**

In an action on a promissory note, where the only answer is a special defense, which is replied to by general denial, thus placing the burden of proof on defendant, it is reversible error for the court to sustain defendant's motion for judgment on the pleadings.

2. **Same—Defense to Note—Discharge of Surety.**

In an action on a promissory note containing no waiver clause, where one of the makers pleads suretyship and demands by him on the holder at maturity to enforce collection against the principal by garnishment of certain funds, which the holder agrees to do, but afterwards without notice to the surety and for valuable consideration extends the time for payment for the principal so that the funds so available at first maturity are lost to the surety, such answer states a good defense under section 5155 and the sixth subdivision of section 7790, Comp. Stat. 1921, so that plaintiff is not entitled to judgment on the pleadings.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by J. E. Hollis against Rafe Parks and Thomas Parks to recover upon a promissory note. Judgment on the pleadings in favor of defendant Thomas Parks, and plaintiff brings error. Reversed.

This action was commenced in the court below by plaintiff in error as plaintiff against defendant in error and Rafe Parks as defendants to recover upon one certain promissory note dated August 3, 1912, payable to J. E. Hollis and executed by Rafe Parks and Thomas Parks. Defendant's answer was a special defense which alleged, in substance, that he was merely a surety on the note, and that at maturity thereof he made demand on the holder that payment of the note be enforced, which the holder agreed to, but that afterward, and for a valuable consideration, said holder granted the principal an extension of time on said note without the knowledge or consent of the answering defendant. Rafe Parks did not answer. Reply by general denial was made to this answer. Plaintiff filed motion for judgment on the pleadings, as did also the defendant. The court overruled the motion of plaintiff and sustained the motion of defendant, entering judgment accordingly. Exceptions were reserved to the rulings and to the judgment of the court, and the case is here for review upon the single proposition that the court erred in rendering judgment for defendant on the pleadings.

E. D. Slough, for plaintiff in error.

S. J. Castleman, for defendant in error.

Opinion by LOGSDON, C. It is well settled in this jurisdiction that where an issue of fact is raised by the pleadings, it is reversible error for the court to render judgment on the pleadings. Goodman v. Broughman, 39 Okla. 585, 136 Pac. 420; St. Louis & S. F. Ry. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169; Peck v. First Nat. Bank of Claremore, 50 Okla. 252, 150 Pac. 1039; Cobble v. Farmers' Nat. Bank, 53 Okla. 814, 158

Pac. 364. The special defense interposed in this action and the reply thereto raised an issue of fact, upon which issue the defendant had the burden of proof. It was therefore reversible error for the trial court to sustain defendant's motion for judgment on the pleadings, and to render judgment in his favor without testimony to sustain the special defense pleaded.

Plaintiff further insists, however, that the answer stated no defense under the negotiable Instruments Law and that the court erred in overruling his motion for judgment on the pleadings. This contention cannot be admitted. Plaintiff is the original payee in the note, and the answer pleaded facts from which plaintiff must have known that defendant was merely a surety and not a joint maker. The note contained no waiver clause. Section 7790, Comp. Stat. 1921 (Rev. Laws 1910, sec. 4170), provides:

"A person secondarily liable on the instrument is discharged: * * * Sixth. By any agreement binding on the holder to extend the time of payment or to postpone the holder's right to enforce the instrument, unless the right of recourse against such party is expressly reserved."

This section has been construed and applied in Adams v. Ferguson, 44 Okla. 544, 147 Pac. 772, and Kremke v. Radamaker et al., 60 Okla. 138, 159 Pac. 475.

Section 5155, Comp. Stat. 1921 (Rev. Laws 1910, sec. 1058), provides:

"A surety may require his creditor to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced."

It has been held by this court that this section is not in conflict with the Negotiable Instruments Law, but is an enlargement of the grounds for discharge enumerated therein. National Bank of Poteau v. Lowry, 57 Okla. 304, 157 Pac. 103. For these reasons, the plaintiff was not entitled to judgment on the pleadings.

This cause should be reversed and remanded, with directions to grant the plaintiff a new trial.

By the Court: It is so ordered.