## INTER-STATE MORTGAGE TRUST CO. v. DUKE POOR BUFFALO et al.

No. 17312.    Opinion Filed Nov. 1, 1927.

(Syllabus.) ·

**1. Pleading—Nature and Effect of Motion for Judgment on Pleadings.**

A motion for judgment on the pleadings is in the nature of a demurrer, which it closely resembles, and admits for its pur-

poses the truth of all the facts well pleaded by the opposite party. Good et al. v. First Nat. Bank of Roff et al., 88 Okla. 110, 211 Pac. 1051.

**2. Same—Judgment on Pleadings Improper Where Issues of Fact.**

Record examined; held, that reply of plaintiff to answer of defendants setting up new matter created an issue of fact by reason of which judgment on the pleadings was unwarranted.

Commissioners' Opinion, Division No. 1.

Error from District Court, Kiowa County; E. L. Mitchell, Judge.

Action by the Inter-State Mortgage Company against Duke Poor Buffalo, Mattie Te You, and others, on note and mortgage and for foreclosure; defendants filed cross-petition, and filed their motion for judgment on the pleadings, which was by the court sustained, and plaintiff appeals. Reversed and remanded, with directions.

W. A. Disch and Tolbert, Hunter & Tolbert, for plaintiff in error.

Thos. W. Conner, for defendants in error.

LEACH, C. This is an appeal from the action of the district court of Kiowa county sustaining defendants' motion for judgment on the pleadings, and rendering judgment over and against the plaintiff on defendants' cross-petition, canceling plaintiff's debt evidenced by a promissory note secured by a real estate mortgage, sought to be foreclosed, and decreeing the real estate covered by said mortgage discharged from the lien created thereby.

The facts, briefly stated, are that Te You (Mary Goomby) and her husband, Duke Poor Buffalo, negotiated a loan with the Inter-State Mortgage Trust Company, a corporation, in the sum of $1,500, on cer ain real estate situated in Kiowa county, Okla.; said loan to run for a period of ten years and evidenced by a real estate first mortgage coupon bond in the sum of $1,500, bearing interest at the rate of six per cent. per annum, until maturity, payable semi-annually, according to the tenor of 20 interest coupons thereto attached, one for $43, and 19 for $45 each, bearing even date with said principal note, and providing that if default be made in the payment of the principal, or any of said interest coupons, then both principal and interest should become due and payable, and that the holder thereof might proceed to collect and enforce the same, and providing for a reasonable attorney fee. To secure the payment of said note and interest, the said Te You (Mary

Goomby) and Duke Poor Buffalo executed and delivered to plaintiff their mortgage covering certain described lands in Kiowa county.

Plaintiff's petition was the usual form of foreclosure action, alleging default in payments, and praying judgment on the note for the principal with interest, for attorney's fees. and for foreclosure.

Before the filing of this action, Te You (Mary Goomby) died, and the suit is brought against Duke Poor Buffalo and the heirs at law of Te You (Mary Goomby), several of the latter being minor children for whom the court appointed a guardian ad litem, and one M. B. Laird, who claimed some interest in the land sought to be foreclosed.

The defendants set up as a defense to the payment of said note and the foreclosure of the mortgage, the plea of usury, and in their amended answer and cross-petition, alleged:

"* * * (3) Defendants admit and state that said note was executed for the principal sum of $1,500, but that the plaintiff knowingly and corruptly, and in order to exact usury in and upon the execution of said note retained from said sum of $1,500 the sum of $450, which plaintiff designated as "Cash Commission," and the makers nor either of them, at any time directly or indirectly. received said sum of $450 and received from the plaintiff only the sum of $1,043.70 upon the execution of said note; the sum of $6.30 being retained by plaintiff for abstracting, recording mortgage and revenue stamps.

"Defendants state and allege that plaintiff has knowingly and corruptly charged usury on said note in the aggregate sum of $————.

"Wherefore, defendants pray that they be credited as a set-off in this action, double the amount of all interest charged, reserved and received by plaintiff on said note and that they have judgment against plaintiff for any sums over and above said set-off to said action together with all legal and proper relief."

To this amended answer and cross-petition, the plaintiff filed its verified reply, stating, first, a general denial, and alleging, second, in part, as follows:

"* * * That the note and mortgage set out in plaintiff's petition * * * constituted a ten-year loan and was written and intended as a loan of $1,500, with interest thereon at the rate of 9 per cent. per annum; that is, the principal note and mortgage for $1.500 bearing interest at the rate of 6 per cent. per annum payable semiannually, and 3 per cent. upon the principal sum; that through inadvertence and mistake of its

agent and representative, instead of taking a note for the three per cent. making the balance of the nine per cent., payable and running concurrent with the interest payments upon the principal note, such agent * * * deducted and retained from the amount of the principal note the sum of $450 representing said three per cent., and being equivalent of three per cent. upon $1,500 for the term of ten years; and it was not the intention of the plaintiff to take, receive, reserve, or charge a greater rate of interest upon said loan than nine per cent.; that the agent of the plaintiff, G. L. Romans, who took the application and contract of the mortgagors for said loan, and E. C. Sharpe, the agent of plaintiff, who received the application for said loan, and negotiated, made and prepared the note and mortgage securing said loan, and closed the same, were without authority to make said loan in the manner the same was made, and in accepting and retaining said cash commission in the manner in which the same was done, violated and disregarded the advice, direction and instruction of said company. and by reason thereof, and because of the mistake in the method of computing the interest on said loan, and in the method of receiving the same, paid to the said mortgagors the sum of $1,050 when the full amount represented by said principal note should have been paid to said mortgagors, and the additional three per cent. for the period of said loan should have been included in an additional note secured by mortgage upon said property, payable concurrent with the interest upon the principal note, or as agreed between the parties; * * * and plaintiff because of inadvertence and mistake, and because of the intention to charge only nine per cent. upon the actual loan of $1,500 and to carry out its said intention, hereby tenders into court, for the benefit of said defendants. the sum of $450 so unintentionally retained by it together with interest at the rate of six per cent. per annum from the 9th day of March, 1921."

Thereafter. the defendants filed a demurrer to plaintiff's reply, which was later abandoned, and the defendants filed their motion for judgment on the pleadings. On the 25th day of March, 1926, said cause came on for hearing upon said motion of the defendants for judgment on the pleadings, and the same was sustained the court, in the journal entry of judgment, finding:

"* * * Upon and from the pleadings, that said motion for judgment on the pleadings should be in all things sustained; * * * the court further finds upon and from the pleadings that plaintiff knowingly, willfully, and corruptly charged usurious interest in the mortgage and note sued upon; that the aggregate amount of the loan to defendants was the sum of $1,050; * * * that plaintiff prays judgment for the sum of $1,510 with

interest at ten per cent. from March 1st, * * * and that interest at said rate on said sum to March 25, 1926, the date of this judgment, is the sum of $614.42, and also prays for attorney's fees in the sum of $150, the amount of judgment prayed for by plaintiff aggregating the sum of $2,274.42. The court further finds and concludes upon, and from the pleadings, that defendants are entitled to a set-off in this action in double the amount of said usurious interest had, charged and received, aggregating the sum of $2,700; that defendants are entitled to judgment against the plaintiff for the difference between said aggregate sum prayed for by plaintiff in this action and said sum of $2,700, to wit: the sum of $425.58, less the court costs of this action; that the mortgage executed to secure said usurious note sued upon should be cancelled and held for naught, and that same should cease to be a lien upon and against the property covered by same, to wit (describing same). * * *

"It is therefore considered, ordered, adjudged and decreed by the court that defendants' motion for judgment on the pleadings be and the same is hereby sustained, and that plaintiff take no judgment against the defendants in this action, and that defendants have judgment against the plaintiff in the sum of $425.58, less the court costs of this action, and that the mortgage sued on in this action be cancelled and held for naught, and that the above-described real estate covered by said mortgage be and is free of and from the lien created by said mortgage. * * *"

Thereafter plaintiff filed in the cause a supersedeas bond, and brings the case regularly to this court for review.

In disposing of this appeal we only find it necessary to consider plaintiff's first proposition, which is:

"The court erred in sustaining defendants' motion for judgment on the pleadings for the reason that defendants set up new matter in their amended answer and cross-petition (24-25) charging, among other things, that the plaintiff knowingly and corruptly charged usury on said note in the aggregate sum of $————, to which amended answer and cross-petition and the new matter therein set up, the plaintiff filed its verified reply, which among other averments denied all allegations inconsistent with its petition, thereby putting in issue the new matter in defendant's amended answer and cross-petition."

The plaintiff in its reply denied that it intentionally charged and reserved usurious interest, and alleged a state of facts going to show that the excessive amount was charged and reserved through inadvertence and mistake.

The note and mortgage are valid upon their face, and the interest reserved thereby, as disclosed by the terms of the instrument sued on, is within the legal rate; and, though admitting that an excessive amount had been charged, plaintiff denied that it was intentionally and corruptly charged, and alleged that such excessive amount was charged through mistake and inadvertence, and contends that this raised a material issue of fact requiring evidence to determine.

This court, in the case of Porter et al. v. Rott et al., 116 Okla. 3, 243 Pac. 160, in the first and second paragraphs of the syllabus, held:

"Usury. * * * Lender must knowingly and intentionally charge rate of interest greater than that prescribed by law.

"To constitute the offense of 'usury,' there must be a corrupt intent to do something which is in violation of the statutes, and the lender must knowingly and intentionally charge a greater rate of interest than that prescribed by law. * * *

"2. Usury. * * * Whether collateral agreement was cloak for usurious transaction held question of fact for jury or for court sitting as jury.

"Where a claim is made that usury has been charged, and that the usurious charge is evidenced by a collateral agreement intended as a cloak for such usurious transaction, as, for instance, the charging of a commission by the lender, the question as to whether such collateral agreement or such commissions were taken or reserved with the intent to charge a higher rate of interest than that allowed by law, and whether said transaction was a cloak or device to evade the law against usury, is a question of fact for the jury or the court sitting as a jury."

In Garland et al. v. Union Trust Co., 49 Okla. 654, 154 Pac. 676 (on rehearing, 63 Okla. 243, 165 Pac. 197), Mr. Justice Hardy, speaking for the court, said:

"In order for a contract to be usurious there must be, in fact, an excessive charge, and that said charge must be made with the unlawful and corrupt intent to take interest in excess of the lawful rate (Covington v. Fisher, 22 Okla. 207, 97 Pac. 615; Merchants & Planters National Bank v. Horton, 27 Okla. 689, 117 Pac. 201); and, where the contract is apparently fair on its face, and the interest reserved thereby as disclosed by the terms of the instrument sued on is within the legal limit, but the claim is made that usury was, in fact, retained and that such usurious charge is evidenced by other collateral instruments or by some agreement or device intended as a cloak for such usurious transaction, as, for instance, the charging of a commission on the part of the lender, it then becomes a question of fact, as

to whether such sums were, in truth and in fact, reserved and charged as commissions, and whether the charge for services rendered, if any, were excessive, or reasonable, and, if excessive, whether such excess, together with the amount of interest reserved in the contract, would amount to usury, and in such case the intention of the parties at the time the contract was entered into or the commissions retained is a question of fact to be determined from all the facts and circumstances in the case, and should be submitted to a jury, or to the court sitting as a jury. * * *"

The first paragraph of the syllabus in the case of Deming Inv. Co. v. Grigsby et al., 65 Okla. 88, 163 Pac. 530, reads:

"1.    Usury—Requisites—Intent.    To constitute the offense of usury, there must be a corrupt intent to do something which is in violation of the statutes, and the lender must knowingly and intentionally charge a greater rate of interest than that prescribed by law."

In the last-quoted case this court quotes with approval the rule as laid down in Cobb v. Hartenstein (Utah) 152 Pac. 424, as follows:

"We are equally well satisfied that the plaintiff did, in fact, pay more than the amount of interest permitted by our statute, but that is not enough to make the transaction usurious and to authorize a court to take from the defendant both principal and interest and give it to the plaintiff. Let it also be conceded that the transactions constituted a loan from the defendant to the plaintiff, yet, when that fact is conceded, the corrupt or unlawful intent to evade the law is still wholly lacking. The mere fact that one may pay to another an excessive rate of interest pursuant to a contract, is not always sufficient to authorize a finding of usury. If that were so, every contract upon which more than the amount permitted by the statute were paid would be usurious, regardless of the intention of either the borrower or the lender. If that were the law, intention would cease to be an element in the law of usury. In order to constitute usury, as Mr. Justice Story puts it, 'there must be a corrupt agreement', in addition to the payment of an excessive rate of interest. There is—there can be—no escape from that conclusion. In our judgment, the trial court was too greatly influenced by the fact that the plaintiff did, in fact, pay to the defendant more than the amount permitted by our statute."

"The rule is well established that the allegations of a petition, when challenged by a general demurrer, or motion for judgment, must be liberally construed in favor of the pleader, and that the demurrer, or motion for judgment, admits the truth of the allegations. Where a pleading states any facts upon which the pleader is entitled to any relief under the law, a general demurrer, or motion for judgment, should not be sustained." Good et al. v. First Nat. Bank of Roff et al., 88 Okla. 110, 211 Pac. 1051. See, also, Mires v. Hogan, 79 Okla. 233, 192 Pac. 811.

"A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason it attacks the sufficiency of the pleadings; it is a motion for the reason it is an application for an order for judgment. Like the demurrer it admits the truth of all well-pleaded facts in the pleading of the opposite party. * * *" Redskin Mining Co. v. McNeal Machinery Co., 108 Okla. 213, 234 Pac. 985.

"It is well settled in this jurisdiction that where an issue of fact is raised by the pleadings it is reversible error for the court to render judgment on the pleadings. Goodman v. Broughman, 39 Okla. 585, 136 Pac. 420; St. L. & S. F. Ry. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169; Peck v. F. N. Bank of Claremore, 50 Okla. 252, 150 Pac. 1039; Cobble v. Farmers Nat. Bank, 53 Okla. 814, 158 Pac. 364. * * *" Hollis v. Parks, 92 Okla. 291, 219 Pac. 110.

"Where an issue of fact is presented by the pleadings, it is error to sustain a motion for judgment thereon. Where plaintiff files reply to new matter set up in defendant's answer, thus putting in issue the new matter in defendant's answer, it is error to render judgment on the pleadings." Henryetta Spelter Co. v. Guernsey, 82 Okla. 71, 198 Pac. 495.

It is to be observed that in the case at bar defendants' answer and cross-petition did set up new matter, alleging that "the plaintiff knowingly and corruptly, and in order to exact usury, retained, * * *" etc., to which allegations plaintiff replied denying same. This put in issue the new matter in defendants' answer.

Defendants in error in their brief say that:

"It is a fixed rule of law, that any denial in a pleading is to be considered in connection with the admissions accompanying same, and that if such admissions on the whole entitle a party to judgment it is not error to render judgment on the pleadings."

We agree with that general proposition. In the case at bar plaintiff did admit the charging of an amount of interest in excess of the legal limit, but that fact alone does not make the transaction usurious. It must have been so charged with the unlawful and corrupt intent to so do, and this the plaintiff denies, and this denial then resolves the intent of the plaintiff to so unlawfully and corruptly charge such excessive interest

into a question of fact for the jury or the court sitting as a jury.

Regarding the contention of defendants that plaintiff is estopped to deny the contract by receiving its benefits, this rule is untenable here for the reason that plaintiff is not attempting to deny the contract, rather is admitting it, but is denying the intention to unlawfully charge an excessive rate of interest.

It is difficult for us to understand how such a mistake as plaintiff alleges could have been made, but it seems to be clear that to constitute a usurious contract there must be a corrupt intention to take more than the law allows, and when that intent is denied and circumstances pleaded attempting to show mistake and inadvertence, then an issuable question of fact has been raised by the pleadings which would require evidence to determine.

Having concluded for the foregoing reasons that this case should be reversed on plaintiff's first proposition, it becomes unnecessary to consider their second proposition.

The judgment is reversed and the cause remanded with directions to the trial court to overrule the motion of defendants for judgment on the pleadings, and to proceed further in accordance with the views herein expressed.

BENNETT, TEEHEE, REID, and HERR, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 606; 21 R. C. L. p. 594.    (2) 31 Cyc. p. 608.