## SHIPMAN *et al.* v. PORTER.

No. 4239.   Opinion Filed April 27, 1915.

Rehearing Denied June 22, 1916.

.(149 Pac. 901.)

1.   **BILLS AND NOTES—Answer—Ownership of Note.**  In an action on a promissory note by one other than the payee, where nothing appears, by way of indorsement or otherwise, to indicate the ownership of plaintiff therein, but there is an allegation in the petition that plaintiff is the owner and holder of said promissory note, such allegation as to ownership may be put in issue by an answer not verified by affidavit.

2.   **PLEADING—Judgment on Pleading—Determination of Motion.**  A motion for judgment on the pleadings, filed by the plaintiff to defendant's answer, should be granted only when such answer does not deny or state a defense to a material allegation of the petition.

(Syllabus by Collier, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by H. P. Porter against Robert Shipman and David Shipman.  Judgment for the plaintiff on the pleadings, and defendants bring error.  Reversed and remanded.

*Biddison & Campbell* and *W. V. Biddison,* for plaintiffs in error.

*George T. Brown,* for defendant in error.

Opinion by COLLIER, C.   This action was begun in the superior court of Tulsa county by H. P. Porter, defendant in error, hereinafter called plaintiff, against Robert Shipman and David Shipman, plaintiffs in error, hereafter called defendants, to recover upon a promissory note.

Thereafter the cause was transferred to the district court of said county.

Plaintiff alleges in his petition that said note was executed to Mrs. Vera Porter by defendants and indorsed by her before maturity, without recourse, and that said note was delivered to said plaintiff, and that plaintiff is now the owner and holder thereof. A copy of the note was attached to the petition, showing the following indorsement thereon: "Without recourse. Mrs. Vera Porter." Said defendants answered separately said petition, but neither of said answers was verified, and each answer sets up practically the same defense. It is alleged in the answers as follows:

"That he has never paid same or any part thereof, and, so far as he knows, no part of the said note has ever been paid to the said plaintiff, but he denies that said Mrs. Vera Porter paid any consideration whatever, or that she became the owner for value of said note, but states the fact to be that same was made payable to her for the use and benefit of her father, W. M. Harner, deceased, for the purpose of defrauding certain creditors of said W. M. Harner, and that the said W. M. Harner, deceased, furnished all of the consideration that passed for the execution of said note, and that said Vera Porter is not now, and never has been, the owner thereof, and that she has no interest therein. Defendant further states that the said note never was delivered to Mrs. Vera Porter, but that same was delivered to said W. M. Harner in his lifetime, with the knowledge and consent of said Mrs. Vera Porter, and that said note is part of the assets of said estate of W. M. Harner, deceased. That said R. K. Shipman was duly appointed and qualified administrator of the estate of W. M. Harner, deceased, and that as such administrator he claims that said note is a part of said assets, and that said administrator claims to be entitled to the possession thereof, and entitled to collect the amount thereof.

That said H. P. Porter, plaintiff, has no interest whatso-ever in said note. That he is not the owner thereof, and has no right to the possession of same, and that the said indorsement and delivery thereof by said Mrs. Vera Porter to the plaintiff herein was without consideration and was taken by him with notice and full knowledge of the adverse claims of said W. M. Harner. That this defendant does not know to whom payment of said note should be made because of the adverse claims of said H. P. Porter, deceased, and the said R. K. Shipman, administrator of the estate of said W. M. Harner, deceased, is a proper and necessary party to this action."

Thereafter, the cause came on for trial, and plaintiff moved for judgment on the pleadings, which motion was sustained by the court and judgment rendered in favor of plaintiff in the sum of $1,223 and interest and costs. From said judgment, this appeal is prosecuted.

The only question raised by this appeal is: Do the answers raise any issue? While, under the statute in this state an unverified answer admits the execution of a note and the indorsements thereon, an issue as to the ownership of said note, in an action by one other than the payee, may be raised by an answer that is not verified. Each of the answers of defendants denies the ownership of the note, and this denial raises an issue of fact, which defendants were entitled to have litigated; and consequently the motion of plaintiff for judgment on the pleadings should have been denied. In *Doughty v. Funk*, 24 Okla. 312, 103 Pac. 634, this court held:

"In an action on a promissory note by one as receiver of the indorsee thereof, where nothing appears by way of indorsement or otherwise to indicate the ownership of plaintiff therein, or that said note had passed under his receivership, but there is an allegation in the petition

that 'he is the owner and holder of said promissory note as receiver,' held, that such allegation may be put in issue by an answer not verified by affidavit."

Nothing appears, by way of indorsement or otherwise, to indicate the ownership by plaintiff of the promissory note sued upon in this action; and, notwithstanding there is an allegation in the petition that plaintiff is the owner and holder of said note, such allegation of ownership was properly put in issue by the unverified answers filed in this cause, and defendants were entitled to have this issue litigated. Under said pleadings, it devolved upon plaintiff to prove that he was the owner and holder of said note. *Noland v. Owens,* 13 Okla. 408, 74 Pac. 954.

A motion for judgment on the pleadings should be denied, where the pleadings raise a question of fact to be tried. *Nolan v. Owen, supra; Cobb v. Kenefick,* 23 Okla. 440, 100 Pac. 545.

It follows that the court erred in granting a judgment in this cause, and therefore this cause should be reversed and remanded.

By the Court: It is so ordered.