# PECK *et al.* v. FIRST NAT. BANK OF CLAREMORE.

### No. 4191.   Opinion Filed July 20, 1915.

#### (150 Pac. 1039.)

1. **APPEAL AND ERROR—Filing Pleadings—Discretion of Court.**
Granting permission to file pleadings out of time rests largely within the discretion of the trial court. The record should show some injustice suffered by party urging a reversal of judgment on the sole ground of an abuse of discretion of the trial court in the matter of granting permission to file pleadings out of time.

2. **PLEADING—Delay in Filing—Discretion of Court.** Laches of parties in filing pleadings should not be encouraged by too liberal rule as to granting permission to file pleadings out of time, but the trial court should grant such permission at all times when justice or the occasion requires.

3. **PLEADING—Judgment on the Pleadings.** Motion for judgment on the pleadings is in the nature of a demurrer to the pleadings of the adverse party to which it is directed, and also exercises the functions of a motion in its application for an order for judgment. But such motion is not available to dispose of the merits of a case.

1. **SAME.** The pleading must be clearly bad in order to justify a judgment on motion in favor of other party. If there is any reasonable doubt as to the sufficiency of the pleading, judgment on motion will not be rendered.

5. **SAME—Reply to New Matter.** Where it is necessary for plaintiff to file reply to new matter set up in defendants' answers to avoid a judgment on the pleadings in favor of defendants, it is reversible error to render judgment on the pleadings on the plaintiff's motion made after his reply is filed.

(Syllabus by McKeown, C.)

*Error from District Court, Rogers County;*

### *T. L. Brown, Judge.*

Action by the First National Bank of Claremore against Mary Peck and A. D. Peck. Judgment for plaintiff on motion for judgment on the pleadings, and defendants bring error. Reversed and remanded.

W. H. Bassman, for plaintiffs in error.

J. I. Howard and C. B. Holtzendorff, for defendant in error.

Opinion by McKEOWN, C. This is a suit brought in the district court of Rogers county by the First National Bank of Claremore, as plaintiff below, against Mary Peck and A. D. Peck, who now appear as plaintiffs in error on the record here.

The plaintiffs in error filed their separate verified answers to the petition, and the defendant in error failed to file its reply to the new matter set out in the answers, and was in default as to its reply for over five months, when on the 7th day of December, 1911, the plaintiffs in error filed their motion for judgment on the pleadings, whereupon the defendant in error obtained leave of the court to file its reply, which was filed on the same day of the filing of the motion for judgment on the pleadings, but subsequent in time. The plaintiffs in error on the same day filed their motion to strike the reply of the bank, because same was filed subsequent to the filing of their motion for judgment on the pleadings.

On January 23, 1912, the bank filed a motion for judgment on the pleadings against A. D. Peck, and on January 25, 1912, filed its motion for judgment on the pleadings against Mary Peck. On the latter date the court overruled the plaintiffs in error's motion to strike the bank's reply from the files and for judgment on the pleadings, and sustained the motion of the bank for judgment on the pleadings against the Pecks, from which judgment they appeal to this court.

The first assignment of error urged upon our attention is the failure of the court below to strike the plain-

tiff's reply, because same was a general reply, and not separate replies, and not filed until after defendants' motion for judgment on the pleadings had been filed, and after being in default for several months. The motion to strike the reply made no mention of any objection on the ground that same was general and did not apply to the separate answers of the defendants, and for that reason the objection will not be considered here.

The defendant in error apparently was guilty of laches in failing to file reply for over five months, and no excuse for the delay appears from the record. What reasons were made to appear to the trial court is not shown.

The plaintiffs in error were not prejudiced in the matter of a trial, and complain that the filing of the reply should not have been permitted after they had filed their motion for judgment on the pleadings. If the trial court had refused permission to file the reply, or had sustained the motion to strike the same, it follows that plaintiffs in error would have been entitled to judgment on their motion, irrespective of the merits of the cause.

Although the trial court permitted the defendant in error to file its reply out of time, and after motion for judgment on the pleadings had been filed by plaintiffs in error, without making any showing in the record of diligence or excuse, and without requiring any terms or conditions, yet, in the absence of any showing that the plaintiffs in error suffered any injustice or injury thereby save the right to technically obtain a judgment without a trial on the merits, we cannot say that the trial court so abused its discretion as to warrant a reversal of the case upon that ground alone. It is a rule of general

application that the filing of amendatory and supplementary pleadings rests largely within the discretion of the trial court, and, unless there is a clear abuse of that discretion, its rulings will not be reversed. *Alcorn et al. v. Dennis*, 25 Okla. 135, 105 Pac. 1012; *Trower v. Roberts*, 30 Okla. 215, 120 Pac. 617.

Laches of parties in filing pleadings should not be encouraged by trial courts in a too liberal policy as regards permission to file pleadings out of time. But such permission should be exercised at all times in the furtherance of justice.

The second ground urged for reversing the judgment is the action of the trial court in sustaining the motion of the defendant in error for judgment on the pleadings and rendering judgment thereon.

The motion for judgment on the pleadings is in the nature of a general demurrer to the pleadings of the adverse party at which it is directed, and it also exercises the function of a motion in its application for an order for judgment.

The practice of filing motions for judgment on the pleadings is recognized and approved under our practice (*Cobb v. Wm. Kenefick Co.*, 23 Okla. 440, 100 Pac. 545), but motions cannot be made available to settle important questions of law or to dispose of the merits of the case (*Illinois Cent. R. R. Co. v. Adams*, 180 U. S. 28; 21 Sup. Ct. 251, 45 L. Ed. 410).

The authorities say:

"The pleadings must be clearly bad in order to justify a judgment in favor of the other party, and, if there is any reasonable doubt as to its sufficiency, judgment on the

pleadings will not be rendered." (23 Cyc. 607, and author-ities cited in *Cobb v. Wm. Kenefick Co., supra.*)

It is not necessary to set out the pleadings *in toto,* or in substance, to determine the question as to the error of the trial court in` entering judgment for the defendant in error on the pleadings. It was necessary for the de-fendant in error to file a reply to the answers of the plaintiffs in error to defeat their motion for judgment on the pleadings, or at least it so acted. It follows that, if the answers of the plaintiffs in error set up new matter such as to require a reply, it was error to sustain the motion of defendant in error for judgment on the plead-ings. The motion acts as a demurrer, and after reply filed and issues of fact thereby raised it could not be said that the pla`ntiff could then successfully urge a demurrer to the answers. Defendant in error urges in its brief that the time of the court should not be consumed in the trial of this case when there is no issue raised in the answers filed below.

Paragraph 5 of each of the separate answers pleads facts wh ch, if proven, would be a valid defense to the note in suit. If the note was given by the defendant Mary Peck for the payment to the bank of a debt due by her son, who was insolvent at the time of his death, which occurred prior to the execution of the note, with-out a new consideration to support it, it is void, and a renewal of the note from time to time will not ra`se a new consideration. 3 R. C. L. section 131, p. 935; *Paxson v. Nields,* 137 Pa. 385, 20 Atl. 1016, 21 Am. St. Rep. 888.

The trial court erred in rendering judgment against the plaintiffs in error upon a motion for judgment on the plead`ngs, and we therefore recommend that the judg-

ment of the lower court be accordingly reversed and set aside, and the case remanded for a trial of said cause.

By the Court:   It is so ordered.