Cobble et al. v. Farmers' Nat. Bank of Tecumseh, Okla., et al.

## COBBLE *et al.* v. FARMERS' NAT. BANK OF TECUMSEH, OKLA., *et al.*

No. 5921.    Opinion Filed June 6, 1916.

(158 Pac. 364.)

**PLEADING—Judgment on Pleadings—Question of Fact.** A motion for judgment on the pleadings should be denied, where the pleadings raise a question of fact to be tried.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by the Farmers' National Bank of Tecumseh, Okla., against G. W. Cobble and others. Judgment for plaintiff, and certain defendants bring error. Reversed.

*Baldwin & Carlton,* for plaintiffs in error.

*B. B. Blakeney* and *J. H. Maxey, Jr.,* for defendant in error Farmers' National Bank.

TURNER, J. On August 14, 1912, in the superior court of Pottawatomie county, the Farmers' National Bank of Tecumseh sued G. W. Cobble and T. D. Smith as sureties on an appeal bond, and the cause was transferred to the district court. Its petition substantially states that on April 30, 1906, plaintiff sued one McNary and another Folwell, in the county court of that county, on three promissory notes of $100 each, bearing 12 per cent. interest, and recovered a judgment against them for $300, together with $40.45 costs; that they appealed therefrom to the district court after executing an appeal bond, duly approved, with defendants as sureties, in the penal sum of $700; that the bond was conditioned that,

if McNary and Folwell failed to prosecute their appeal from the judgment, or if the appeal was withdrawn or dismissed, appellants would pay the amount of the judgment appealed from and all costs, or, if the appeal was prosecuted in said district court, then they would pay the amount of any judgment and all costs that might be recovered against them in the action in that court; that on June 3, 1908, in the district court, judgment was rendered in favor of plaintiff and against McNary and Folwell on the notes for $391, the same to bear 12 per cent. interest per annum from date; that thereupon execution issued and was returned "No property found"; that defendants had breached the bond by failing and refusing to pay the amount of said judgment and costs, amounting in all, including $214.55 costs and $200 interest from the date of the judgment, to $806, and prayed judgment against defendants as sureties thereon for $700, the penal sum of the bond; a copy of which was attached as an exhibit to the petition.

After demurrer thereto filed and overruled, defendants answered and, after general denial of every allegation in the petition, except such as were specifically admitted, admitted the execution of the bond and the appeal to the district court, where, they further admitted, plaintiff recovered judgment against their principals on the bond for $391 and that the same bore interest at 12 per cent. per annum from its date, as stated. But they failed to admit the allegation as to costs accrued, or that they had breached the bond, or that the total amount was due as claimed. To escape liability, they allege that McNary and Folwell filed no supersedeas bond on appeal; that execution issued on said judgment against their property; that, although McNary was solvent and the same

could have been satisfied, it was not levied but recalled by the bank; that since that time McNary has become insolvent and Folwell always was; by reason of all of which, they say, they are exonerated as sureties upon the bond. After reply filed, in effect a general denial, on motion of the bank, there was judgment for plaintiff on the pleadings, and defendants bring the case here, assigning that in sustaining said motion the court erred.

The point is well taken. By their answer defendants, in effect, said to plaintiff: We admit your recovery of $391 and that you are entitled to interest thereon from June 3, 1908, at 12 per cent. per annum, but we deny you are entitled to recover of us costs to the extent of $214.55, as you allege; and hence we require proof of that item of your demand. It is unnecessary to cite authority to support the conclusion that the court erred. He should have overruled the motion and put plaintiff to proof of its allegation as to costs. To be sure, as contended by the bank, while an admission of a judgment of $391, with interest thereon as stated, together with an admission of costs in the county court, amounting to $40.45, was, in all, an admission by defendants of liability to the extent of $682.31, yet that did not justify the court in overlooking the joinder stated on an issue of fact and rendering judgment against defendants for $700, or the full amount of the penal sum of the bond. And plaintiff's offer to enter a *remittitur* of the difference between those two amounts will not render the error harmless. This for the reason, aside from the fact that defendants, to escape liability, further pleaded new matter upon which plaintiff joined an issue of fact by reply, that the pleadings raising, as they do, a question of fact, the same must be tried by a jury as required by Rev.

Laws 1910, sec. 4993.  And, besides, we have repeatedly held that a motion for judgment on the pleadings should be denied where the pleadings raise a question of fact to be tried.  *St. L. & S. F. R. Co. v. Kerns,* 41 Okla. 167, 136 Pac. 169; *Peck v. First Nat. Bank,* 50 Okla. 252, 150 Pac. 1039; *Shipman v. Porter,* 48 Okla. 265, 149 Pac. 901; *Cobb v. Kennefick,* 23 Okla. 440, 100 Pac. 545.

Reversed.

All the Justices concur.