## SMITH et al. v. JOS. W. MOON BUGGY COMPANY.

No. 8385—Opinion Filed Dec. 11, 1917.

(169 Pac. 575.)

**1. Pleading — Judgment on Pleadings — Issue of Fact.**

Where the pleadings present an issue of fact, it is error for the trial court to sustain a motion for a judgment based thereon.

**2. Contracts—Contract for Benefit of Third Person—Enforceability.**

Under section 895, Revised Laws 1910, a contract made expressly for the benefit of a third person may be enforced by him at any time before the party thereto rescinds it.

(Syllabus by Hooker, C.)

Error from District Court, Kingfisher County; James B. Cullison, Judge.

Suit by the Jos. W. Moon Buggy Company against John Smith and another. Judgment for plaintiff upon the pleadings, and defendants bring error. Judgment reversed, and cause remanded for new trial.

P. S. Nagle, for plaintiffs in error.

Marianelli & Exendine, for defendant in error.

Opinion by HOOKER, C. The Moon Buggy Company instituted this suit in the lower court against John Smith and Charles J. Wogan, and in the petition filed therein it is alleged that on the 11th day of January, 1908, John Smith and Charles J. Wogan and John S. Wogan were all stockholders and officers of the Smith-Wogan Hardware & Implement Company, a corporation, and that on that date the said corporation and the aforesaid parties made

and executed a written agreement whereby all of the assets of said corporation were sold to one R. W. Frick, and as a part and parcel of the same agreement, and in consideration of the benefits derived therefrom, the said company and the aforesaid parties jointly and severally bound themselves unconditionally as to the time and amount to pay all the debts of the corporation. And it is further alleged that on the 22d day of April, 1912, the plaintiff, Buggy Company, recovered a judgment against the Smith-Wogan Hardware & Implement Company for several hundred dollars and costs, which is still unsatisfied and in full force and effect, and that the Smith-Wogan Hardware & Implement Company has ceased to be a going concern and has no assets, and judgment was sought against John Smith and Charles J. Wogan for the amount of said judgment before stated.

The defendants below, John Smith and Charles J. Wogan, filed an answer which was a general denial, and thereupon the plaintiff below filed a motion for a judgment upon the pleadings, which motion was by the court sustained, to which Smith and Wogan excepted, and to reverse which have appealed to this court.

It is asserted by the plaintiffs in error that this cause should be reversed for the following reasons:

First. That the petition in this case alleges that on the 11th day of January, 1908, John Smith and Charles J. Wogan and another were stockholders and officers of the Smith-Wogan Hardware & Implement Company, a corporation, and that on said date they executed · certain agreement with one Ralph W. Frick, whereby they bound themselves to pay certain debts of the corporation, and to protect said Frick against all liability for the payment of the same, and the enforcement of said debts against said goods; that the petition further discloses that the judgment in favor of the Buggy Company against the Hardware & Implement Company was rendered on the 22d day of April, 1912, and inasmuch as the contract between Frick and Smith and Wogan was made on January 11, 1908, and this judgment was rendered on April 22, 1912, that it cannot be held, from an examination of the petition, that the debt evidenced by said judgment was in existence at the time of the execution of this contract, nor was it one of the debts from which the plaintiffs in error sought to indemnify Frick by the execution of the agreement aforesaid.

Second. Because there is no privity of contract between the Moon Buggy Company and Smith and Wogan; that, while the contract was good between Frick and them, there is no binding obligation upon them so far as the Moon Buggy Company is concerned.

Third. . That the petition shows upon its face that the debt evidenced by said judgment was incurred subsequent to the execution of the contract on the 11th day of January, 1908.

Fourth. That it is not pleaded in the petition that the contract between Smith and Wogan and the Smith-Wogan Hardware & Implement Company with Frick was ever carried out.

Fifth. That under the general denial filed by the defendants below there were several issus of fact presented.

From an examination of the record it appears that the Smith-Wogan Hardware & Implement Company, a corporation, in January, 1908, acting through its proper officials, traded all of its assets, consisting of a stock of goods, to one Frick for some real estate, and in order to protect Frick against any liability that might accrue by reason of the sale of these goods in bulk, the plaintiffs in error, Smith and Wogan, and another, signed a contract agreeing to pay the debts of the corporation and to hold Frick harmless and to indemnify him against any liability by reason of any indebtedness that the corporation might owe, and to protect the goods traded to him against any claim.

Thereafter, in 1912, the defendant in error here recovered a judgment in the county court of Caddo county against the Smith-Wogan Hardware & Implement Company. When this debt was created or whether it was in existence at the time of this trade and execution of this contract, is not shown by this record. Clearly Smith and Wogan, the plaintiffs in error, could not be held liable upon this contract unless the debt was in existence at the time of its execution or was due or owing by this corporation to the defendant in error at that time. The petition does not disclose when this debt was created, and the petition is insufficient to bring it within the contractual obligations of the parties here. This should be done before a judgment can properly be rendered in this cause against the plaintiffs in error.

The petition is also fatally defective in that it does not allege that the contract executed between the corporation and the plaintiffs in error and Frick was ever carried out, as, unless that contract was performed, no liability could accrue in favor

of the defendant in error and against the plaintiffs in error.

With reference to the authority of the Moon Buggy Company to maintain this action, the law is stated in 6 R. C. L. 885, as follows:

"Stated in general terms, and leaving out of view the limitations recognized in various jurisdictions, the rule is that a third person may enforce a promise made for his benefit even though he is a stranger both to the contract and to the consideration. In other words, it is not necessary that any consideration move from the third party; it is enough if there is a sufficient consideration between the parties who make the agreement for the benefit of the third party."

And in 9 Cyc. 382, it is said:

"The doctrine that a third person may maintain an action on a contract made for his benefit has been applied to an agreement by which one of the parties promises, on the receipt of property or other consideration, to pay a debt due from the other to a third person. * * *"

Section 895, Revised Laws 1910, provides:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

And this court in Love v. K. D. & O. Co., 37 Okla. 804, 129 Pac. 858, said:

"A contract made expressly for the benefit of a third person may be enforced by such person at any time before the parties thereto rescind it."

The general denial filed in this action put in issue this fact, that the Moon Buggy Company had due and owing to it a debt or a judgment of the corporation, for which the plaintiffs in error were responsible by reason of the obligation assumed by virtue of the contract in question, and it was therefore error for the trial court to sustain a motion for judgment on the pleadings in this action.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.