## PURDY et al. v. STATE ex rel. HALL, Co. Atty.

No. 9595—Opinion Filed Feb. 17, 1920.

(Syllabus by the Court.)

### Pleading—Judgment on Pleadings—Action on Appearance Bond.

In an action on an appearance bond, where a forfeiture is alleged, and the verified ans-

wer denies such forfeiture, and alleges that all the terms and conditions of 'such appearance bond have been fulfilled, a motion for judgment on the pleadings should be overruled.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action on appearance bond by the State, on the relation of Wm. M. Hall, County Attorney of Rogers County, against E. C. Purdy and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

H. Tom Kight, for plaintiffs in error.

Mack R. Shank, for defendant in error.

BAILEY, J. This action was commenced in the district court of Rogers county, to recover upon an appearance bond signed by C. W. Purdy and W. Purdy as sureties. It was alleged in the petition that E. C. Purdy was charged by information with the crime of embezzlement, and that he was released upon the execution of bond to the state of Oklahoma in the sum of $1,000; that default was made in the terms and conditions of said bond, in that said defendant failed to appear for trial, and that said bond was forfeited, and suit ordered to be brought thereon. The defendants C. W. Purdy and W. Purdy filed their duly verified answer, and, after a general denial, admitted the execution of the bond sued on, but alleged that the said principal defendant had fully and completely fulfilled all and every part of his obligation under such bond; that there had been no forfeiture; that said defendant had duly appeared for trial at the time and place named, and had been discharged; and as a further and additional defense, by supplemental answer filed, said defendants alleged that by action of the board of county commissioners of Rogers county said defendants had been relieved and discharged from any and all liability under such bond on condition that said defendants pay the costs accrued. No demurrer or other pleadings challenging the sufficiency of the separate defenses alleged were filed, but defendant in error filed a motion for judgment on the pleadings, which said motion was sustained by the court, and judgment rendered in favor of defendant in error and against said sureties, to which action of the court defendants properly excepted, and proceedings in error have been duly brought to this court.

No brief has been filed by defendant in error, and we are not advised upon what theory the court sustained the motion for judgment on the pleadings. Without discussing the availability of the several defenses pleaded by plaintiffs in error, it is sufficient to note that the allegation of forfeiture was specifically denied under a pleading duly verified. It State v. Metcalf et al., 60 Okla. 1, 159 Pac. 470, it is said:

"It will be observed that the petition alleges a forfeiture of the bond. The answer, while admitting the execution of the bond, denies the forfeiture. This was an issue of fact to be determined by the jury, and the court properly overruled the demurrer."

And where the pleadings present an issue of fact, it is error for the trial court to sustain a motion for a judgment based thereon. Smith v. Joseph W. Moon Buggy Co., 66 Oklahoma, 169 Pac. 875; Cobble v. Farmers Nat. Bank, 53 Okla. 814, 158 Pac. 364.

The court, therefore, erred in sustaining a motion for judgment on the pleadings, and the cause is reversed and remanded.

RAINEY, V. C. J., and KANE, JOHNSON, PITCHFORD, McNEILL, and HIGGINS, JJ., concur.