### YEARGAIN v. SUTTER et al.

No. 10444—Opinion Filed Dec. 20, 1921.

Rehearing Denied Feb. 7, 1922.

(Syllabus.)

**1. Pleading—Judgment on Pleadings.**

Where the pleadings present an issue of fact, it is error to sustain a motion for judgment on the pleadings.

**2. Same.**

Where the plaintiff's petition states a cause of action against the defendants, and defendants file a general denial and set up new matter as a defense, and the plaintiff replies to the new matter set up in the defendant's answer denying the same, it is error to render judgment on the pleadings.

**3. Same.**

Pleadings examined, and held it was error for trial court to sustain a motion for judgment on the pleadings.

**4. Justices of the Peace—Supersedeas—Liability on Bond—Effect of Dismissal of Appeal.**

Where defendant appeals from a judgment rendered against him in an action of forcible entry and detainer, and executes a supersedeas bond, and abandons his appeal and moves to dismiss his appeal in the district court, or county court, where the appeal is lodged, for the reason he has surrendered possession of the premises to the plaintiff, such abandonment of the appeal or dismissal of appeal does not release the sureties from liability on the bond.

Error from District Court. Ottawa County; Geo. C. Crump, Assigned Judge.

Action by J. D. Yeargain against Daniel Sutter and others on supersedeas bond. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

J. G. Austin, for plaintiff in error.

Steen M. Johnson. T. J. Horsley, and M. W. Hinch, for defendants in error.

McNEILL, J. J. D. Yeargain commenced this action in the district court of Ottawa county against Daniel Sutter, M. R. Tidwell, and L. E. Nabors to recover on a supersedeas bond given on appeal from a judgment in a forcible entry and detainer action, and executed by Sutter as principal and Tidwell and Nabors as sureties. The petition alleged that the plaintiff was the owner of lot 22, block 94, in the city of Miami, and defendant Sutter was unlawfully holding possession thereof. That on the 5th day of October, 1917, plaintiff filed a forcible entry and detainer action against Sutter in the justice of the peace court, and on October 16, 1917, after due appearance and trial, plaintiff recovered a judgment against said defendant Sutter for possession of said premises. That the defendant Sutter took an appeal to the district court, and in order to perfect said appeal executed a supersedeas bond with Tidwell and Nabers as sureties. A copy of the bond is attached to the petition. The plaintiff also alleged the district court affirmed the judgment on appeal, and a copy of the judgment is attached to the petition.

The defendant Sutter filed an answer denying all allegations of the petition, but admits that he was in possession of the premises and admits the judgment rendered by the justice of the peace court October 16, 1917, and admits that he appealed from said judgment and executed the bond, and admits the case was appealed to the district court. He alleged that while the appeal was pending in the district court J. A. Daniels commenced an action of forcible entry and detainer in the justice of the peace court of Ottawa county, and attached a copy of the proceedings to his answer, for the immediate right of possession of said premises. It is alleged that Yeargain had full knowledge of said action and was a witness in said action, and testified in said action that he was not the owner of said premises, but that Daniels was the owner and entitled to possession. That judgment was rendered in the justice of the peace court in favor of Daniels, and on the 27th day of January, 1918, execution was issued and the officers executed the writ and placed Daniels in possession. A copy of said judgment is attached to the answer. Defendant then further pleads that, after the possession of the premises was surrendered to Daniels, the district court lost jurisdiction of the appeal, and that the judgment rendered in the district court was void.

The sureties, Tidwell and Nabors, filed an answer which is substantially the same as that of the defendant Sutter.

To the answer of the defendants thus filed, the plaintiff filed a reply in the nature of a general denial.

With the issues thus framed, the cause came on for hearing before the district court and the defendants, filed a motion for judgment on the pleadings, which was sustained by the court, and judgment rendered for the defendants against the plaintiff. From said judgment plaintiff has appealed.

The only question for consideration is whether the court erred in rendering the judgment on the pleadings upon motion of the defendants. The rule in this jurisdiction upon this question is stated in the case of Henryetta Spelter Co. et. al. v. Guernsey et al., 82 Okla. 71, 198 Pac. 495, as follows:

"The rule that where pleadings present an issue of fact it is error to sustain a motion for judgment on the pleadings has been definitely settled by this court (see Smith v. Moon Buggy Co., 66 Okla. 333, 169 Pac. 875; Franklin v. Ward, 70 Oklahoma, 174 Pac. 244), and in Peck v. First National Bank, 50 Okla. 252, 150 Pac. 1039, it is specifically held that it is error to render judgment on the pleadings after plaintiff has replied to the new matter set up in defendants' answer."

See, also, Mires v. Hogan, 79 Okla. 233, 192 Pac. 811.

The petition stated a cause of action in favor of the plaintiff and against the defendants. The answer contains certain new matter purporting to be a defense to plaintiff's cause of action. The plaintiff filed a reply denying the allegations contained in the answer. By application of the rule above announced it was error for the court to sustain the motion for judgment on the pleadings.

Both parties in their briefs argue the question of the validity of the judgment of the district court affirming the judgment of the justice of the peace court in the forcible entry and detainer action. The plaintiff in error contends that even if the same is erroneous, it was unappealed from, and not void. The defendants in error, however, contend that the judgment is void. The judgment discloses that the defendant Sutter filed a motion to dismiss his appeal and the court overruled his motion and rendered judgment on the pleadings. The defendants in error, however, contend that by applying the rule announced in the cases of Obert v. Zahn, 45 Okla. 219, 145 Pac. 403, and Hampton v. Lynch, 54 Okla. 249, 153 Pac. 1119, the judgment is void, for the reason the court had no jurisdiction of the subject-matter, except jurisdiction to dismiss the appeal. We do not think it is necessary for us to decide whether the judgment was void or voidable. Defendants in error contend that the record discloses that Sutter had delivered possession from the plaintiff; therefore had abandoned the appeal. Both parties, however, fail to consider the vital question in this appeal, and that is whether the abandonment of the appeal or the dismissal of the appeal, either for want of prosecution or by stipulation or agreement, will release the sureties.

This court in a long line of cases has held that if the plaintiff in error fails to prosecute his appeal by filing his case-made in this court, or if the appeal is dismissed for failure to prosecute or is dismissed by stipulation of the parties, this does not release the sureties from liability on the appeal bond. See Crofut-Knapp Co. v. Weber, 67 Oklahoma, 167 Pac. 464; Starr v. McClain, 50 Okla. 738, 150 Pac. 666; Peck v. Curlee Clothing Co., 63 Okla. 61, 162 Pac. 735; Jones v. First Nat. Bank of Ada, 69 Oklahoma, 171 Pac. 848; Powell v. Edwards, 69 Oklahoma, 169 Pac. 617.

The answer virtually admits that defendant held possession from the 16th day of October, 1917. the date the judgment was rendered in the justice of the peace court, until the 27th day of January, 1918, and defendant abandoned his appeal. This would render the sureties liable on the bond for some amount. The amount of liability is a question of fact. When we consider the case in this light, it was error for the trial court to sustain a motion for judgment on the pleadings.

The judgment is reversed, and remanded, with instructions to set aside the judgment and to take such other and further proceedings as are not inconsistent with the views herein expressed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.