**BROADWELL v. DIRICKSON et al. FARMERS' BANK & TRUST CO. v. SAME. FIRST NAT. BANK OF CLAREMORE v. SAME.**

Nos. 11940, 11941, and 11942, Consolidated.

Opinion Filed March 21, 1922.

(Syllabus.)

**1. Mandamus—Procedure—Pleadings.**

By statute in this jurisdiction (sections 4913-4915, Rev. Laws 1910), the alternative writ and return thereto constitute the pleadings in a mandamus proceeding, and the issues thereby joined must be tried and the further proceedings had in the same manner as in a civil action.

**2. Mandamus — Control of Official Discretion.**

Where the duties devolving upon a ministerial officer require the exercise of discretion and judgment, and such officer has acted, although erroneously, a writ of mandamus may not lawfully issue to review, reverse, or correct the erroneous decision of such officer, nor to control his decision, even though there may be no other method of review or correction provided by law.

**3. Pleading—Denial of Judgment on Pleadings.**

Where the pleadings present an issue of fact, it is not error to overrule the motion for judgment on the pleadings.

**4. Mandamus—Issues of Fact—Refusal of Judgment in Pleadings.**

In a mandamus proceeding, if the averments in the alternative writ are sufficient to authorize the relief sought, but the return of the respondent presents an issue of fact upon a material question, which if true, would be a defense, it is not error for the trial court to overrule a motion for judgment on the pleadings.

Error from District Court, Rogers County; C. W. Mason, Judge.

Actions for writs of mandamus by Geo. R. Broadwell, by the Farmers' Bank & Trust Company, and by the First National Bank of Claremore, against John C. Dirickson and others, constituting Board of Commissioners of Rogers County and as such the Drainage Board of Drainage District No. 1. Judgment for defendants, and plaintiffs bring error. Consolidated. Affirmed.

J. I. Howard and A. M. Beets, for plaintiffs in error.

W. H. Kornegay, for defendants in error.

McNEILL, J. The above cases have been consolidated; the issues involved are identical, and for convenience we will make a statement of the case of the First National Bank of Claremore. This action was commenced by the First National Bank of Claremore against the members of the board of county commissioners of Rogers county, constituting the drainage board of district No. 1 of Rogers county, for a writ of mandamus to compel the defendants as the drainage board of said district No. 1 to make an order approving and confirming the report of the viewers of said district filed in the office of the county clerk of Rogers county December 30, 1916, and to compel the board to cause assessments to be made and levied upon the land situated in the drainage district sufficient to pay certain warrants issued by the commissioners. The petition is very lengthy and alleges the organization of the drainage district and the issuing of certain warrants to the persons who had performed work and services in said drainage district which had been assigned to the plaintiff; the filing and approving of certain bonds by the commissioners; the appointment of a board of viewers, who had gone upon the land in the drainage district and located the proposed improvements, and filed its report December 30, 1916. That after due and legal notice had been given of the hearing of the report, the same came on for hearing before the drainage board; at said hearing none of the landowners protested that the assessment, cost, location, construction, or damages and benefits were not correct, and that the proportion of the cost and construction was not proportionate to the damages to each. tract of land and was unfair. The only person filing a protest was Sanders, but he offered no evidence to support the same, nor did he direct the commissioners to take any evidence, nor did he ask that the report be amended or corrected. It is alleged that it was the duty of the board either to approve said order, or if they found the apportionments were unjust, to

make an order amending said report, as provided by section 6, chapter 132, Session Laws 1910-11. It is alleged the board refused to adopt or approve said report, but attempted to dismiss the proceedings, and made an order attempting to dissolve said Rogers county drainage district No. 1. The petition then alleges that all the orders attempting to dissolve said district were null and void.

An alternative writ of mandamus was issued. The defendants filed an answer which is also very lengthy. The answer denied the existence of the drainage district, and the 11th paragraph of the answer admits that a report was filed by the viewers, but denies that the report made by the viewers was according to law, or embraced the necessary things required by law to be embraced in said report. It further alleges that upon the filing of the report, the owners of more than 50 per cent. of the total acreage of land embraced in the district filed a written protest against such improvements, and the commissioners finding that no sufficient notice of the hearing of said report had been given, and finding the report of the viewers was made without actual view of the lands, and that the same was not accurate or true and was unjust and erroneous, and that more than 50 per cent. of the landowners embraced in the district had filed their written protest against the improvements, the board refused to confirm the same, and dismissed the proceedings. It specially denied that Sanders was the only one that protested.

The answer further alleges that the members of the present board were not members of the county commissioners at the time said proceedings were had, and that the order of the commissioners refusing to confirm said report, and the order dismissing the appeal had never been appealed from, although the plaintiff knew of said fact, and that the order is binding upon plaintiff.

The plaintiff in error filed a motion for judgment on the pleadings, which was denied by the court. Plaintiff in error refused to introduce any evidence, but relied upon the petition and answer for judgment on the pleadings, and the court dismissed the petition. From said judgment the plaintiff has appealed. The only question for review is whether the court erred in overruling the motion for judgment on the pleadings.

The force and effect of the writ of mandamus is to compel the board of county commissioners, constituting the drainage board, to approve the report of the viewers as provided in section 6, chapter 132, Session Laws 1910-11, and thereafter levy an assessment against the land in the district to pay certain costs. The above election provides:

"If the commissioners shall find that due notice has been given, they shall examine the report of the surveyor and viewers."

The petition does not set out the notice that was given, nor the order made by the commissioners in dismissing the proceedings. The answer failed to set out this proceeding, but alleges that the commissioners found that the proper notice had not been given. It certainly could not be contended that mandamus would compel the commissioners to approve the report which required the giving of certain notice if they found the notice had not been given. Without considering any other part of the answer, or whether any defense was stated therein, this portion of the answer presented a question of fact that was very material to the proper determination of the case.

This court, in the case of Peed v. Gresham, 53 Okla. 205, 155 Pac. 1179, stated as follows:

"By statute in this jurisdiction (sections 4913-4915, Rev. Laws Okla. 1910), the alternative writ and return thereto constitute the pleadings in a mandamus proceeding, and the issues thereby joined must be tried and the further proceedings had in the same manner as in a civil action.

"Where the duties devolving upon a ministerial officer require the exercise of discretion and judgment, and such officer has acted, although erroneously, a writ of mandamus may not lawfully issue to review, reverse, or correct the erroneous decision of such officer, nor to control his decision, even though there may be no other method of review or correction provided by law."

See Champlin v. Carter, 78 Okla. 300, 190 Pac. 679.

This court, in a long line of decisions, has held that it is error to sustain a motion for judgment on the pleadings when the pleadings present an issue of fact to be tried. See Yeargain v. Sutter, 85 Okla. 41, 204 Pac. 122; Henryetta Spelter Co. v. Guernsey, 82 Okla. 71, 198 Pac. 495; Smith v. Moon Buggy Co., 66 Okla. 333, 169 Pac. 875; Franklin v. Ward, 70 Oklahoma, 174 Pac. 244; Peck v. First Nat. Bank, 50 Okla. 252, 150 Pac. 1039; Mires v. Hogan, 79 Okla. 233, 192 Pac. 811.

The court in the mandamus proceeding is only authorized to grant a peremptory writ without hearing testimony when the return

does not state a defense and the material and necessary allegations of the petition are not controverted. See Bodine, Co. Clerk, v. McDaniels Auto Co., 69 Oklahoma, 170 Pac. 899; State ex rel. Friend v. Cummings, 47 Okla. 44, 147 Pac. 161; State ex rel. v. Ross, 76 Okla. 11, 183 Pac. 918. Even if we assume, but not deciding, that the duty of the board of county commissioners in approving the report was ministerial and it was not a duty that called for discretion, still the question of notice and the question of the sufficiency of the report of the viewers are questions that are controverted, and are facts that would be necessary to be determined in any event before the writ could issue. This was an issue of fact, and was a question that was at issue, and required evidence to substantiate the allegations.

In the instant case two of the board of county commissioners are no longer in office, and an order has been made substituting their successors. There is no objection raised to this question, but we desire to call attention to the cases of State v. Alexander, 18 Okla. Cr. —, 186 Pac. 1080; Crigler v. Nichols, 51 Okla. 707, 152 Pac. 343.

We are of the opinion that the answer put in issue the question of fact regarding the report of the viewers and whether proper notice had been given, and the trial court committed no error in overruling the motion for judgment on the pleadings. The plaintiff having failed to produce any evidence, the trial court did not err in dismissing the petition. For the reasons stated, the judgment is affirmed.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.