### COKER v. WATSON et al.

No. 17025—Opinion Filed Oct. 5, 1926.

Rehearing Denied Feb. 1, 1927.

**1. Pleading—Judgment on Pleadings—Not Favored—When Proper—Absence of Material Issues.**

Judgment on the pleadings is authorized by Comp. Stat. 1921, section 682, but such practice is not favored by the courts, for the reason that it tends to prevent trials on the merits. Where, however, the only issues of fact joined by the pleadings are immaterial as a matter of law, judgment on the pleadings is proper, for the reason that it is only when the pleadings present issues of material fact that the parties are entitled to trial by jury.

**2. Indians—Restricted Indian Lands—Sale by Interior Department—Delivery of Deed as Act of Approval.**

In the sale of restricted Indian lands through departmental proceedings the order of the Secretary of the Interior removing restrictions, to be effective only and simultaneously with the sale, is an approval by him of the sale, for the purposes stated in the application, if thereafter made in full conformity with the regulations then in force, and his delivery of the deed to the purchaser in completion of the transaction is final evidence of such approval.

**3. Same—Mental Incompetency of Grantor —Absence of Fraud—Validation.**

In such a case, where the grantor is in fact mentally incompetent, but there is no allegation of fraud inducing the execution of the deed, such deed, when delivered by the department to the purchaser, is merely voidable and not void, and its infirmity is cured by the Act of Congress of August 24, 1922, validating all conveyances of allotted Indian lands theretofore approved by the Secretary of the Interior. In a subsequent action brought to cancel such deed allegations of the mental incompetency of the grantor at the date the deed was signed, controverted by the answer, raise no issue of material fact for determination by a jury.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Creek County; James Hepburn, Judge.

Action by Wisey Coker, an incompetent, by Susan Proctor, her guardian, against J. M. Watson et al. to recover possession of certain real estate and to quiet her title thereto. Judgment for defendants, and plaintiff brings error. Affirmed.

This action was commenced January 29, 1923, by plaintiff filing in the district court of Creek county her petition, wherein she alleged in substance that she is an adult, incompetent, full-blood Creek Indian, and that she had theretofore conveyed the premises in controversy by deed, but that said deed was executed by herself without the intervention of a guardian through the probate court, and that the defendants Watson hold the title to the land under such deed, claiming to be the owners thereof, and that the defendant Gypsy Oil Company holds an oil and gas lease on said lands through and under the other defendants above named, but that both the deed and the oil and gas lease are totally void, for the reason that plaintiff was and is a congenital idiot, and a person permanently and totally without understanding at all times, including the time of the making and delivery of said deed; that defendants at all times had actual and constructive knowledge of such idiocy of the plaintiff, and that in taking such instruments with such knowledge they were guilty of constructive fraud in taking from the plaintiff her property by and through such void conveyances.

Numerous pleadings were filed and various orders entered by the court, eventuating in the filing of separate answers by the Watsons and by the Gypsy Oil Company. The answer of the Watsons and the answer of the Gypsy Oil Company are practically in the same language, and set up the same matters in defense to plaintiff's cause of action. In substance these answers allege:

A general denial of all of the material allegations contained in, plaintiff's petition; affirmative allegations that the conveyance from plaintiff to J. M. Watson was taken in good faith through regular proceedings had before the Department of the Interior of the United States, and that said purchaser paid full value for such conveyance; that the conveyance was approved by the Secretary of the Interior, and that such approval validates the same, even if the deed had been void in the first instance, which the defendants expressly deny.

Plaintiff filed her separate replies to these separate answers, denying all new matters alleged in said answers and alleging anew the incompetency of the plaintiff at the date of the execution of said deed.

Motions were filed by the defendants Watson and by the Gypsy Oil Company for judgment on the pleadings. On September 21, 1925, these motions came on for hearing before the court, and at the conclusion of said hearing the court entered its order sustaining both motions, and thereupon entered judgment in conformity with said order, and dismissed plaintiff's action.

To reverse this order and judgment of the trial court plaintiff has brought the case here by petition in error with transcript for review.

Wallace & Wallace, Wayne H. Lasater, and B. C. Redgrove, for plaintiff in error.

Thrift & Davenport, James B. Diggs, William C. Liedtke, Redmond S. Cole. and C. L. Billings, for defendants in error.

Opinion by LOGSDON, C. There are five assignments of error in the petition in error, but in the presentation of the case in the briefs plaintiff comprises all assignments of error under two propositions, thus stated:

"First, that judgments on the pleadings are never favored and are also reversible judgments when there are facts disputed in the pleadings and when there is on file a reply which denies the affirmative new matter set up in the answer.

"Second, that the Secretary of the Interior did not approve the deed made by Wisey Coker to J. M. Watson; that he had no authority to approve such deed; that he did not undertake to do so; that if he had undertaken to approve such a deed the approval would have been void and of no effect; and that the order of the Secretary of the Interior made in this case is not within the scope of the meaning of the Act of Congress of August 24, 1922."

Under the first proposition above quoted plaintiff cites and relies upon the following cases heretofore determined by this court: Peck et al. v. First Nat. Bank of Claremore, 50 Okla. 252, 150 Pac. 1039; Cobble et al. v. Farmers Nat. Bank of Tecumseh et al, 53 Okla. 814, 158 Pac. 364; Smith et al. v. Jos. W. Moon Buggy Co., 66 Okla. 333, 169 Pac. 875; Purdy et al. v. State ex rel. Hall, 77 Okla. 218, 187 Pac. 800; Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Henryetta Spelter Co. et al. v. Guernsey et al., Receivers, 82 Okla. 71, 198 Pac. 495; Yeargain v. Sutter et al., 85 Okla. 41, 204 Pac. 122; Broadwell v. Dirickson, 85 Okla. 242, 205 Pac. 751; Carignano v. Box, 97 Okla. 184, 223 Pac. 673; Owens v. Moraine et ux., 105 Okla. 285, 232 Pac. 818.

Each of these cases has been carefully examined and considered. All of them were actions for the recovery of money or of specific personal property. In most of them the rule as to issues of fact raised by the pleadings, which will defeat a motion for judgment on the pleadings, is stated in inexact language, omitting the word "material." The correct rule is considered to have been announced in the fifth paragraph of the syllabus to the case of Mires v. Hogan, supra, in this language:

"A judgment on the pleadings is rendered, not because of the lack of evidence or proof, but because of a lack of issue of fact. If the pleadings present no material issue of fact, then it becomes a question of law as to which party is entitled to judgment."

This language is in consonance with statutory provisions. Comp. Stat. 1921, section 530, provides:

"An issue of fact arises: First, upon a material allegation in the petition, controverted by the answer. * * *"

A material allegation is thus defined by section 308, Id.:

"A material allegation, in a pleading, is one essential to the claim or defense, which could not be stricken from the pleading without leaving it insufficient."

It is thus clearly evident that not every "issue of fact" joined by the pleadings will preclude affirmative action by the court upon a motion for judgment on the pleadings. It must be an issue of fact joined upon material allegations essential to the maintenance of the claim or defense. Mires v. Hogan is not alone among decisions of this court recognizing this distinction. Adkins v. Arnold et al., 32 Okla. 167, 121 Pac. 186; Chambers v. Kirk et al., 41 Okla. 696, 139 Pac. 986; Shipman et al. v. Porter, 48 Okla. 265, 149 Pac. 901; Miller v. State, 79 Okla. 266, 192 Pac. 1093.

In the instant case the issue of fact joined by the pleadings, and which plaintiff urges as the basis of her claim of error by the trial court in rendering judgment on the pleadings, was the mental incompetency of plaintiff at the time of the sale of her land through proceedings before the Interior Department. Plaintiff expressly alleged congenital imbecility and mental incompetency existing and continuing since her birth, and alleged notice and knowledge of this condition on the part of the purchaser, J. M. Watson. Defendants controverted this by general denials and by express allegations in their answers. This clearly and directly presents for determination the question: In the sale of the lands of a restricted full-blood Indian through departmental proceedings for the purpose of securing funds for such Indian's support and maintenance, is the mental competency of such Indian, an essential prerequisite to the validity of such proceedings and to the validity of the deed executed pursuant thereto?

If this question may be answered in the affirmative, then the allegations of mental incompetency contained in plaintiff's petition were material allegations, and, when controverted by the allegations of the answers, presented an issue of material fact which would preclude the trial court from rendering judgment on the pleadings. If this question be answered in the negative, then the mental condition of the Indian is wholly immaterial, and allegations based on such mental conditions cannot raise an issue of material fact.

In plaintiff's second amended petition, on which the judgment of the trial court was based, she copied in full two letters from the district agent to the United States Indian Agent at Muskogee. These letters were written in compliance with the requirements of regulations, section 8, to afford information to the Department in its consideration of plaintiff's application for removal off restrictions from the sale of all or a portion of her surplus allotment. These letters are copied in the petition in support of the allegations of incompetency, and as showing record notice to the purchaser at the sale of plaintiff's mental condition. Both letters are in substance the same, and there is very little difference in the verbiage. The first of these letters, dated September 14, 1908, is as follows:

"September 14, 1908.
"Dana H. Kelsey,
"United States Indian Agent,
"Muskogee, Oklahoma.
"Sir: D-77, 1908, Restrictions Wisey Coker.

"I transmit herewith application, in duplicate, of Wisey Coker, Creek citizen, for removal of restrictions on 120 acres of her land. I find the applicant, who is about 30 years of age, to be a single person and is at the present time and has been for the past five years making her home with Mr. and Mrs. Ed Sawyer, of Eufaula, Okla. The applicant has no relatives to look after her and is at the present time in very poor circumstances. The applicant is a cripple and has no education, and in fact is an idiot. I am informed by the neighbors of the people with whom she lives, that they are very good to the applicant and have furnished her a home for the past five years, and have done everything that is possible within their means to better her condition. The land the applicant wishes to sell is rocky prairie land, none of which is in a state of cultivation. The applicant is very much in need of some money for medicinal purposes, and I recommend that the land be sold and the proceeds supervised by the Department. Mr. Sawyer, with whom she now lives, has asked that the Department build her a home in which to live, the same to be located on the lot on which his family lives in the town of Eufaula, Okla., the same to cost about $200, so that they can have her near them and be able to give her the necessary attention. I recommend that the same be granted and that $300 be given her in cash with which to pay outstanding debts and her living expenses for one year. I deem it necessary that the payment for the land should be part cash and the balance secured by first mortgage on the premises conveyed. The balance of the purchase price could be paid to her at the rate of $250 and interest per year.

"Respectfully,
"FSC/B                    Fred S. Cook,
"Inc. 3.                  District Agent."

The material portion of the order removing restrictions on the sale of the lands here involved reads:

"Now, therefore, I, under the authority vested in me by the Act of Congress approved May 27, 1908 (Public No. 140), and the regulations prescribed thereunder, hereby remove the restrictions from said above-described land, such removal of restrictions to become effective only and simultaneously with the execution of deed by said allottee to the purchaser after said land has been sold in compliance with the directions of the Secretary of the Interior."

Plaintiff's contention and argument in this court against the validity of the deed here involved are stated in epitomized form in her brief thus:

"When, as in this case, the restrictions from the sale of allotted full-blood Indian lands have been removed by the Secretary of the Interior, they are subject only to such

restrictions in conveyances as are imposed by the laws of the state of Oklahoma; and those are that in the case of incompetents a conveyance to be valid must be made by a guardian under the approval of the county court and according to the procedure prescribed in such courts."

The error of plaintiff's contention lies in her assumption, as a fact, that the order removing restrictions was effective from its date. Her entire argument depends for its strength and cogency upon this assumed fact. It is not considered that the assumption is justified by the language of the order. That language is: "such removal of restrictions to become effective **only and simultaneously with** the execution of deed by said allottee to the purchaser **after** said land has been sold," etc. There was no period of time, even the briefest, after the entry of the order and before the execution of the deed thereunder, when said lands were unrestricted so that a valid sale thereof could have been ordered by a county court of the state. A question analogous to this was under consideration by this court in Baker v. Hammett et al., 23 Okla. 480, 100 Pac. 1114, and in determining the effect of certain statutory language on the power to alienate, Justice Dunn used this language in the body of the opinion at page 487:

"The restriction on alienation existed on the delivery of the patent, and this provision of the statute was simply a continuation of the restriction which already existed. The limitation on alienation was to be and remain; that is to say, was to be on the first day not subject to alienation and so remain until the five years had expired."

In the instant case the land was restricted when the order was entered, and by the terms of the order those restrictions were to be and remain that day and every subsequent day until the land was "sold in compliance with the directions of the Secretary of the Interior."

No question is raised here as to the regularity of the departmental proceedings in the sale of this land. An inspection of the transcript discloses that they were conducted in full conformity to the regulations promulgated by the Secretary of the Interior by authority of Congress. These regulations have the force and effect of statutes. Blansett v. Cardin, 261 Fed. 309.

Plaintiff makes no contention against the authority of the Secretary of the Interior to make the conditional order removing restrictions, but does contend that upon the entry of the order the sale of the land should have been made by guardian under orders of the probate court. It is not contended

here, or alleged in plaintiff's petition, that there had been any prior adjudication of incompetency under state law (Comp. Stat. 1921, sec. 1449), nor is it alleged that any fraud was practiced on plaintiff which induced her to sign the deed. On the contrary, it is affirmatively alleged that her incompetency was adjudged in 1919, resulting in the appointment of a guardian at that time. (Section 1450, Id.) At the time of the sale of her lands through departmental proceedings, she was an adult restricted Indian, not judicially determined to be incompetent, and her deed conveying the restricted land here involved was not void, but merely voidable. Section 4982, Id.; Maas v. Dunmeyer, 21 Okla. 434, 96 Pac. 591; Conwill v. Eldridge, 35 Okla. 537, 130 Pac. 912.

On August 24, 1922, Congress passed and the President approved an act validating certain conveyances, the material provisions of which are:

"That any conveyance of allotted or inherited Indian lands by any member of the Five Civilized Tribes, or his or her heirs, which may have been heretofore approved by the Secretary of the Interior, * * * be, and the same are hereby, confirmed, approved and declared valid from the date of such conveyance or order; * * * Provided, that nothing in this act shall be construed to confirm, approve, validate or affect any conveyance * * * procured through fraud or duress."

There can be no question that this act validated the voidable deed here involved, unless plaintiff's further contention be correct, that the deed in question was never approved by the Secretary of the Interior. This contention of plaintiff is thus stated at page 43 of her brief:

"Neither party to this lawsuit has made any contention that the order of the Secretary of the Interior removing the restrictions from the lands involved in this lawsuit was invalid; and, an order of removal of restrictions from the land in question is the only order that was made by the Secretary of the Interior in this case. The order speaks for itself and is as above set forth and as shown at page 104 of the case-made. It is entitled in the order itself 'Order for Removal of Restrictions'; and it is an order for the removal of restrictions, and it is such an order only and it purports to be nothing else. The plaintiff admits that the restrictions were removed from the land and denies that the Secretary of the Interior was authorized or attempted to do more than that very thing: remove the restrictions from the land. He did not attempt or purport to determine the validity of a purported conveyance made by the allottee after the removal of such restrictions; and he had no authority so to do."

It may be conceded without argument that the statement made in the last sentence is absolutely correct, and that the Secretary did not "attempt or purport to determine the validity" of plaintiff's deed at the time he caused its delivery to J. M. Watson. This does not militate against the legal conclusion that the Secretary approved the transaction, including the conveyance, after finding "it to be for the best interests" of the applicant, as required to be done by section 23 of the regulations, June 20, 1908. There is no requirement in the acts of Congress relating to removal of restrictions, or in the regulations promulgated thereunder, that the Secretary shall determine the validity of any deed. The indorsements directed to be made upon the order and upon the deed by sections 25 and 26 of the regulations, respectively, preclude such idea. One indorsement certifies to the Secretary that his directions concerning the removal of restrictions and simultaneous sale have been followed, while the other certifies the same facts to the purchaser. The approval of the entire transaction, including the conveyance, by the Secretary is a matter of legal conclusion to be justified or defeated by the facts disclosed by the record.

Approval necessarily involves the exercise of discretion. When the Secretary of the Interior, with a knowledge of all the facts disclosed by the two letters of the district agent, and the facts disclosed by the records of his Department, entered his order directing the removal of restrictions only and simultaneously with the sale of the land under the regulations then in force, he necessarily approved the entire transaction, including the conveyance, if thereafter carried out in conformity with his directions. No question is raised as to its having been so done. There are several decisions of this court, in which the elements necessary to show "approval" of a transaction after its completion have been elaborately discussed in opinions, and it is considered that the consensus of these expressions by this court sustains the conclusion above stated. Baker v. Hammett et al., supra; Melton v. Cherokee Oil & Gas Co., 67 Okla. 247, 170 Pac. 691; Bishop et al. v. Prairie Oil & Gas Co., 101 Okla. 1, 222 Pac. 954; Scott v. Morris Nat. Bank, 109 Okla. 276, 235 Pac. 912. In the case of United States ex rel. Sykes v. Lane, Secretary of the Interior, 258 Fed. 520, the court had under consideration an order identical in language with the one here involved. The opinion contains a very instructive discussion of the discretionary power of the Secretary in cases of this character, and

of the necessity for delivery of the deed by him in order to evidence his approval of the sale. In the instant case the deed was delivered, and this act is evidence of the Secretary's approval of the entire transaction. He is not required to indorse his approval on the deed, or to otherwise formally evidence such approval. He is neither required nor authorized to judicially determine the validity of the deed delivered by him as evidence of the sale.

Having full knowledge of all facts reported by the district agent, and of all facts shown by the records of the Department, it must be held that the order of May 28, 1909, was an approval by the Secretary of the Interior of the sale of the lands for the purposes stated in the application, and that the delivery of the deed in completion of such sale proceedings was final evidence of such approval. The deed being voidable at most, and not void, for lack of mental capacity in the grantor, the Act of August 24, 1922, validated the same.

The deed being validated as of the date it was executed, the mental condition of plaintiff when she signed the deed, she not being then an adjudged incompetent, is wholly immaterial as a matter of law. Being immaterial as a matter of law, allegations as to such mental condition could not raise an issue of material fact. No issue of material fact being raised, the trial court was correct in sustaining the motion for judgment on the pleadings under the provisions of Comp. Stat. 1921, section 682, which reads:

"Where, upon the statement in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, though a verdict has been found against such party."

For the reasons herein stated, the judgment of the trial court is in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. pp. 605, 609 (Anno): 21 R. C. L. p. 594. (2) 31 C. J. 520, §92. (3) 31 C. J. p. 520, 91 (Anno); 32 C. J. p. 742, §528.