## CLAYPOOL v. EMPLOYERS' CASUALTY CO. et al.

No. 26535. June 2, 1936.

Rehearing Denied June 23, 1936.

William C. Carrick, for plaintiff in error.

Hudson & Hudson, for defendants in error.

PER CURIAM. This suit was filed by plaintiff in error, as plaintiff, against the defendant in error Employers' Casualty Company, a corporation, W. B. Todd, and Howard H. Thomas. A motion on the part of W. B. Todd to quash the service upon him was by the court sustained. No appeal was taken from that action of the court. The record before the court does not show service upon the defendant Howard H. Thomas, nor any judgment by the court for or against him. The parties in this court are therefore the plaintiff in error, J. L. Claypool, and the defendant in error Employers' Casualty Company.

The plaintiff in error in his petition alleges that he was seriously injured in an automobile accident which occurred in the state of Missouri; that he employed Howard H. Thomas, an attorney at law, to bring suit against one Fred Dawald for damages as a result of such accident and that he agreed to pay Thomas for his services 25 per cent. of such amount as might be recovered by suit; that Thomas filed the suit and that the plaintiff in error recovered judgment therein against said Dawald for $5,000, 25 per cent. of which sum his attorney, Thomas, was entitled to as attorney's fee, and we quote from the petition:

"And, got payment from the insurance carrier of but $1,250 for his part of $3,750, or 75 per cent. of the judgment; and got defrauded by the defendants out of $2,500 by the collusion of the attorneys on both sides with the insurance carrier: when the plaintiff assigned the judgment to Thomas, his attorney, who in turn assigned it to Todd, attorney for the insurance carrier, as hereinafter more specifically set forth."

Plaintiff in error further alleges in his petition that he assigned his judgment to his attorney of record, the defendant Howard H. Thomas, for collection. A copy of the assignment is attached to the petition as an exhibit. On its face it is an absolute assignment without qualification. He further alleges that Howard H. Thomas, the

assignee of the judgment, assigned the judgment to the defendant, W. B. Todd, "the attorney of the insurance carrier of Fred Dawald, defendant in the cause," and that Thomas thereafter came to plaintiff in error and gave the plaintiff in error $1,250 in currency.

He further alleges that he has never been able to learn anything about the policy issued by the defendant in error except that he is informed and believes, and he therefore alleges, that the policy was for $15,000 and that it covered $5,000 in his case.

He does not allege any facts to sustain his conclusion that he was defrauded out of $2,500 by the collusion of the three original defendants in the present suit. He does not allege any facts tending to show that there was a duty, contractual or otherwise, on the part of the defendant in error to pay to him any sum of money whatsoever.

After a demurrer to this petition was overruled, the defendant in error filed an answer, and then an amended answer in which the defendant in error admitted the facts relative to the employment of Thomas by the plaintiff in error as his attorney, the filing of the suit and recovery of the judgment in the Missouri court against Fred Dawald, the assignment by the plaintiff in error of this judgment to his attorney, Thomas; that the copy of the assignment attached to the petition is a true copy and that Thomas assigned the judgment to W. B. Todd. All other material allegations of the petition are denied. By way of affirmative defense, the defendant in error alleged facts tending to show that at the time of the filing of the answer the judgment of the Missouri court had not become final.

Thereafter, defendant in error filed a motion for judgment on the pleadings, which was by the court sustained, which action of the district court is assigned as error.

In his behalf, counsel for plaintiff in error cites pages of paragraphs from an Oklahoma digest to the general effect that where the pleadings present a material issue, a motion for judgment on the pleadings does not lie. He does not, however, attempt to point out what allegations in his petition tend to state a cause of action against the defendant in error.

We have carefully examined the petition, and we do not find that it contains any allegations tending to show a duty, contractual or otherwise, on the part of defendant in error to plaintiff in error to pay the judg-

ment which the plaintiff in error held against Dawald.

The petition fails to state a cause of action, and the pleadings present no material issue of fact. It was therefore not error to sustain a motion for judgment on the pleadings. New Amsterdam Casualty Company v. Scott, 106 Okla. 268, 234 P. 181; Mires v. Hogan, 79 Okla. 233, 192 P. 811; Coker v. Watson, 123 Okla. 199, 252 P. 829.

The judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Irwin Donovan, R. M. Mountcastle, and Forrester Brewster in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Donovan and approved by Mr. Mountcastle and Mr. Brewster, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.